IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

**SAYLOR, C.J., EAKIN, BAER, TODD, DONOHUE, DOUGHERTY, WECHT, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 28 MAP 2015 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court at No. 1659 MDA 2013 dated |
| | : | September 18, 2014 Affirming the |
| v. | : | Judgment of Sentence of the Court of |
| | : | Common Pleas of Lancaster County, |
| | : | Criminal Division, dated August 16, |
| THOMAS MICHAEL LUTZ-MORRISON, | : | 2013 at No. CR-36-0003611-2012. |
| | : | |
| Appellant | : | ARGUED: March 8, 2016 |

**OPINION**

**JUSTICE DOUGHERTY**                    **DECIDED:  August 15, 2016**

Appellant Thomas Lutz-Morrison presents an issue similar to the issue posed in *A.S. v. Pa. State Police*, ___ A.3d ___ (Pa. 2016), also decided today.  *A.S.* involved the proper construction of the lifetime-registration triggering language "two or more convictions" in Megan's Law II, Pennsylvania's former sex offender registration statute. *See* 42 Pa.C.S. §9795.1(b)(1) (superseded).  This appeal concerns nearly identical triggering language brought over into Section 9799.14 of Pennsylvania's current statute, Act 111 of 2011, the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§9799.10-9799.41.  Our holding here follows from *A.S.* and, as explained below, we reverse and remand.

Megan's Law II included a two-tier system for those offenders subject to its registration requirement.  42 Pa.C.S. §9795.1(a),(b) (superseded).  The history and background of SORNA has been detailed in other cases.  *See, e.g., In re J.B.,* 107 A.3d

1, 3-9 (Pa. 2014). For our purposes it is enough to reiterate SORNA "added crimes to the list defined as sexually violent offenses, and established a three-tiered system for classifying such offenses and their corresponding registration periods." *Commonwealth v. Farabaugh*, 128 A.3d 1191, 1192 (Pa. 2015). The tiers provide for registration periods of fifteen years (Tier I), twenty-five years (Tier II), or lifetime (Tier III), depending on the offense(s) and/or circumstances. *See* 42 Pa.C.S. §9799.15(a)(1)-(3).

Section 9799.14 of SORNA, as relevant here, provides:

(a) Tier system established. — Sexual offenses shall be classified in a three-tiered system composed of Tier I sexual offenses, Tier II sexual offenses and Tier III sexual offenses.

(b) Tier I sexual offenses. — The following offenses shall be classified as Tier I sexual offenses:

\* \* \* \*

(9) 18 Pa.C.S. § 6312(d) (relating to sexual abuse of children).

\* \* \* \*

(c) Tier II sexual offenses. — The following offenses shall be classified as Tier II sexual offenses:

\* \* \* \*

(d) Tier III sexual offenses. — The following offenses shall be classified as Tier III sexual offenses:

(1) 18 Pa.C.S. § 2901(a.1) (relating to kidnapping).

(2) 18 Pa.C.S. § 3121 (relating to rape).

(3) 18 Pa.C.S. § 3122.1(b) (relating to statutory sexual assault).

(4) 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse).

(5) 18 Pa.C.S. § 3124.1 (relating to sexual assault).

(6) 18 Pa.C.S. § 3124.2(a.1).

(7) 18 Pa.C.S. § 3125 (relating to aggravated indecent assault).

(8) 18 Pa.C.S. § 3126(a)(7).

(9) 18 Pa.C.S. § 4302(b) (relating to incest).

(10) 18 U.S.C. § 2241 (relating to aggravated sexual abuse).

(11) 18 U.S.C. § 2242 (relating to sexual abuse).

(12) 18 U.S.C. § 2244 where the victim is under 13 years of age.

(13) A comparable military offense or similar offense under the laws of another jurisdiction or country or under a former law of this Commonwealth.

(14) An attempt, conspiracy or solicitation to commit an offense listed in paragraph (1), (2), (3), (4), (5), (6), (7), (8), (9), (10), (11), (12) or (13).

(15) (Reserved).

**(16) Two or more convictions of offenses listed as Tier I or Tier II sexual offenses.**

42 Pa.C.S. §9799.14(a)-(d) (emphasis added).

The background of the underlying criminal prosecution is as follows. An investigation led police to secure a search warrant for a residence in Lancaster County, where appellant lived with his mother and brother. A March 2, 2012, search led to the seizure of four computers and an Apple iPhone 4. On the same day, appellant admitted to detectives he had downloaded child pornography files to his computer. An examination revealed 142 child pornography videos and 45 child pornography images on the computer along with 15 child pornography images on appellant's iPhone. Appellant was charged with 77 counts of sexual abuse of children (possession of child pornography). *See* 18 Pa.C.S. §6312(d).[1]

---

[1] Section 6312 is entitled "Sexual abuse of children." Subsection (d) provides:

(continued…)

On August 16, 2013, the twenty-two-year-old appellant entered an open plea of guilty to three counts of possession of child pornography; the remaining charges were withdrawn by the Commonwealth. That same day, appellant was sentenced to consecutive one-year terms of probation on each count. The trial court also notified appellant his convictions subjected him to lifetime registration under SORNA as a Tier III offender. Appellant reserved an objection to that classification, averring the statute was ambiguous, and the only reason it arguably was triggered was because his plea encompassed more than one count.

In its Pa.R.A.P. 1925(b) opinion, the trial court reasoned each count of possessing child pornography represented a Tier I sexual offense and conviction. Based on a plain reading of the statute and the Opinion in Support of Affirmance (OISA) in *Commonwealth v. Gehris*, 54 A.3d 862 (Pa. 2012) (construing predecessor "two or more convictions" provision in Megan's Law), the court concluded the "two or more convictions of offenses" necessary to trigger lifetime registration may arise from the same criminal information. Thus, the court found appellant was a Tier III offender subject to lifetime reporting.

On appeal to the Superior Court, appellant claimed he should be classified as a Tier I offender because his multiple Tier I convictions arose from a single nonviolent course of conduct, and his plea occurred in a single hearing. The Superior Court affirmed in a memorandum opinion. The panel recognized this Court deadlocked 3-3 on

(…continued)

**(d) Child pornography. —** Any person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

18 Pa.C.S. §6312(d).

a similar question in the Megan's Law context in *Gehris,* with an OISA by Justice Todd (joined by former Justices Eakin and McCaffery) and an Opinion in Support of Reversal (OISR) by former Chief Justice Castille (joined by Justices Saylor (now Chief Justice) and Baer. After summarizing the competing *Gehris* opinions, the panel determined its own precedent in *Commonwealth v. Merolla*, 909 A.2d 337 (Pa. Super. 2006), controlled. In the panel's view, nothing in SORNA's language warranted an interpretation differing from *Merolla*'s construction of the similar language in Megan's Law. Accordingly, the panel held the plain language of SORNA required that appellant, who had three "convictions" of Tier I offenses, be subject to lifetime registration. The panel was aware of the contrary holding of the Commonwealth Court iteration of *A.S. v. Pa. State Police*, 87 A.3d 914 (Pa. Cmwlth. 2014) (*en banc*), but declined to follow that decision given its obligation to follow its own precedent.

This Court granted review of the question whether appellant is properly subject to lifetime reporting under SORNA. The issue involves statutory interpretation and application, which presents a question of law; thus our review is plenary and non-deferential. *See, e.g., Commonwealth v. Conklin*, 897 A.2d 1168, 1175 (Pa. 2006).

In the course of their arguments, both parties recognize the "two or more convictions" language in SORNA was also present in Megan's Law and thus was subject to examination in cases like *Gehris*, *Merolla*, and *A.S.* Thus, in addition to disputing whether the SORNA provision is ambiguous and whether it implicates "the recidivist philosophy," and forwarding supporting arguments implicating statutory construction, appellant invokes the *Gehris* OISR and *A.S.*, while the Commonwealth relies upon *Merolla*.

Given the focus in the lower courts and the present briefing upon the Megan's Law cases, and the absence of any suggestion that anything in SORNA would lead to a

different result on the question of the proper meaning of the term "two or more convictions," resolution of this appeal is straightforward: it is effectively controlled by today's decision in *A.S.*[2,3] We will not repeat the *A.S.* analysis at length here as appellant's case developed under similar circumstances: he was charged in a single information arising from the search of his property; he entered court as a first-time offender on those charges and pled guilty to three counts — all Tier I offenses; and there were no direct victims of his crimes, much less multiple direct victims.[4] It is

[2] We are aware of a textual distinction between the two statutory regimes. Under the two-tier system of Megan's Law, lifetime registration was required for "[a]n individual with two or more convictions of **any of the** offenses set forth in subsection (a)," *i.e.*, for offenses otherwise subject to ten-year registration. 42 Pa.C.S. §9795.1(a)-(b) (superseded) (emphasis added). Under SORNA's three-tier system, lifetime registration is required for offenders with "two or more convictions of offenses listed as Tier I or Tier II sexual offenses," *i.e.*, for offenses otherwise subject to fifteen-year or twenty-five-year registration. 42 Pa.C.S. §9799.14(d). No argument is forwarded in the briefs premised upon the General Assembly's deletion of the words "any of the" in SORNA.

[3] Appellant's brief was prepared by private counsel. On the eve of argument, however, the Defender Association of Philadelphia, which was not appointed and which had not filed a brief as *amicus curiae*, entered an appearance as counsel for appellant and an assistant defender presented oral argument. Counsel's oral presentation included several sophisticated arguments not pursued in appellant's brief, including, *inter alia*, a claim of ambiguity premised upon the textual differences between Megan's Law and SORNA; a claim the statute is subject to strict construction because, in other circumstances not present here, it applies retroactively, *see* 1 Pa.C.S. §1928(b)(2) (retroactive provisions "shall be strictly construed"); and a claim that "sequential prosecutions" should be required to trigger the recidivist provision.

These claims were not outlined or developed in appellant's brief. In addition, it appears the Commonwealth, like the Court, was not provided a written exposition of the new theories and points presented at oral argument. Under the circumstances, for purposes of decision, we will confine ourselves to the arguments outlined in the briefs.

[4] We do not dispute the Commonwealth's argument that each image of child pornography possessed represents a separate, independent crime, *see* Appellee's Brief at 12-13, *citing Commonwealth v. Davidson*, 938 A.2d 198, 219 (Pa. 2007) ("Each use of a minor to create a visual depiction of child pornography constitutes a separate and distinct abuse of that child, and thus represents an individual violation of the statute."), and appellant in fact was convicted and sentenced for his multiple crimes. But, for (continued…)

enough to note we hold that Section 9799.14, considered in the context of the statutory language as a whole, is susceptible to two reasonable constructions, and the statute, which sets forth a graduated (three-tier) scheme of registration, encompasses a recidivist philosophy. As such, the statute requires an act, a conviction, and a subsequent act to trigger lifetime registration for multiple offenses otherwise subject to a fifteen- or twenty-five-year period of registration.

Accordingly, we reverse the order of the Superior Court and remand for imposition of a fifteen-year reporting requirement under SORNA.


Former Justice Eakin did not participate in the consideration or decision of this matter.

Chief Justice Saylor and Justices Baer and Donohue join the opinion.

Justice Todd files a dissenting opinion.

Justice Wecht files a dissenting opinion.

---

(…continued)

reasons explained in *A.S.*, we view the SORNA registration question as distinct and deem it controlled by the recidivist philosophy animating this tiered scheme.