J-S82015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT DAVID DOW | |
| Appellant | No. 448 MDA 2016 |

Appeal from the Judgment of Sentence February 16, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001440-2015

BEFORE:  OTT, J., DUBOW, J., and PLATT, J.[*]

JUDGMENT ORDER BY OTT, J.:                    **FILED NOVEMBER 22, 2016**

Scott David Dow appeals from the judgment of sentence entered on February 16, 2016, in the Lancaster County Court of Common Pleas, following his guilty plea to four counts of sexual abuse of children (possession of child pornography) and one count of criminal use of a communication facility.[1]  The trial court imposed an aggregate sentence of two to five years' imprisonment, followed by seven years' probation.  The court also determined Dow was subject to a lifetime registration requirement under the Sexual Offenders Registration and Notification Act ("SORNA"),[2] as

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S. §§ 6312(d) and 7512(a), respectively.

[2] 42 Pa.C.S. §§ 9799.10-9799.41.

a Tier III offender because he had "[t]wo or more convictions of offenses listed as Tier I or Tier II sexual offenses." 42 Pa.C.S. § 9799.14(d)(16).[3] On appeal, Dow argues the Pennsylvania Supreme Court's recent decisions in *Commonwealth v. Lutz-Morrison*, 143 A.3d 891 (Pa. August 15, 2016), and *A.S. v. Pennsylvania State Police*, 143 A.3d 896 (Pa. August 15, 2016), establish the trial court erred in classifying him as a Tier III offender and imposing a lifetime registration requirement. We agree.

In *Lutz-Morrison*, the Supreme Court clarified that Section 9799.14(d)(16) "requires an act, a conviction, and a **subsequent act** to trigger lifetime registration for multiple offenses otherwise subject to a fifteen- or twenty-five-year period of registration." *Lutz-Morrison*, *supra*, 143 A.3d at 895 (emphasis supplied). *Accord A.S.*, *supra*, 143 A.3d at 908 (applying registration requirements of Megan's Law II). Here, the trial court imposed the lifetime registration requirement based solely on the multiple Tier I offenses, included in the same information, to which Dow pled guilty. Under *Lutz-Morrison*, Dow's guilty plea to multiple counts of possession of child pornography contained in a single criminal complaint, did not subject

_____

[3] Possession of child pornography is a Tier I offense under SORNA, subject to a 15-year registration requirement. *See* 42 Pa.C.S. §§ 9799.14(b)(9), 9799.15(a)(1). Because Dow pled guilty to **four counts** of the offense, the court applied Section 9799.14(d)(16).

We note that Dow was not deemed to have met the qualifications for classification as a sexually violent predator. *See* N.T., 2/6/2016, at 2; 42 Pa.C.S. § 9799.24.

him to a Tier III lifetime registration requirement because there was no "subsequent act" following his conviction. *Lutz-Morrison*, *supra*, 143 A.3d at 895.

Therefore, we vacate Dow's judgment of sentence in part, as to his classification as a Tier III offender, and remand to the trial court for the imposition of a 15-year registration requirement under Section 9799.15(a)(1).

Judgment of sentence affirmed in part, and vacated in part. Case remanded for proceedings consistent with this judgment order. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/22/2016