J-S45023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| CALEB DANIEL FOX | |
| Appellant | No. 1364 MDA 2014 |

Appeal from the Judgment of Sentence July 1, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002759-2013

BEFORE: BOWES, WECHT AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 06, 2017**

This matter is again before this Court upon remand from the Supreme Court. We vacate Appellant's judgment of sentence in part, and remand for imposition of a fifteen-year reporting requirement under the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. § 9799.10 *et seq.*, consistent with the dictates of our Supreme Court's decision in **Commonwealth v. Lutz-Morrison**, 143 A.3d 891 (Pa. 2016).

The trial court previously set forth the following facts:

On or about June 4, 2013, [Appellant's] computer was identified by Special Agent Nicole Laudeman of the Pennsylvania Attorney General's Office as having potential download candidate (source) for at least seventeen (17) files of investigative interest with child pornographic content. On this same day, Special Agent Laudeman was able to make direct contact to [Appellant's] computer . . . to download five (5) video files which each depict children under the age of eighteen (18) years engaged in sexual

* Former Justice specially assigned to the Superior Court.

acts and/or poses and is defined as child pornography in violation of the Pennsylvania Crimes Code Section 6312 – Sexual Abuse of Children.

Trial Court Opinion, 1/13/15, at 1. Based on the foregoing, Appellant was charged with seventeen counts of child pornography pursuant to 42 Pa.C.S. § 6312(d), and one count of criminal use of a communication facility. Appellant pled guilty to seven counts of child pornography and the single count of criminal use of a communications facility. Subsequently, the court imposed an aggregate sentence of twenty-four to thirty-two months incarceration and two years probation. In addition, the court classified Appellant as a Tier III offender on the basis that he pled guilty to multiple Tier I offenses under SORNA, thus subjecting him to lifetime reporting requirements.

Following his judgment of sentence, Appellant filed a timely motion to modify his sentence, which the court denied, and a timely notice of appeal to this court. On appeal, we vacated Appellant's judgment of sentence and remanded to the trial court to award a single day of credit for time served. *Commonwealth v. Fox*, 134 A.3d 102 (Pa.Super. 2015) (unpublished memorandum). However, relying on then-binding Superior Court precedent, we found the trial court did not err in subjecting Appellant to lifetime registration under SORNA based on his guilty plea to multiple Tier I offenses. *Id*. at 12.

Upon remand, the trial court resentenced Appellant with credit for one day time served, and again classified him as a Tier III offender. Appellant appealed to this Court raising another challenge to his Tier III classification. Before this Court could decide Appellant's second appeal, the Pennsylvania Supreme Court permitted Appellant to file a petition for allowance of appeal from our first decision *nunc pro tunc*. On October 20, 2016, the High Court vacated that decision, and remanded this matter for proceedings consistent with ***Lutz-Morrison***, ***supra***.

In ***Lutz-Morrison***, the Supreme Court considered the proper construction of language triggering the lifetime registration requirement contained in section 9799.14 of SORNA. That section reads, in relevant part:

> (a) Tier system established.—Sexual offenses shall be classified in a three-tiered system composed of Tier I sexual offenses, Tier II sexual offenses and Tier III sexual offenses.
>
> (b) Tier I sexual offenses.—The following offenses shall be classified as Tier I sexual offenses:
>
> . . .
>
> (9) 18 Pa.C.S. § 6312(d) (relating to sexual abuse of children).
>
> . . .
>
> (d) Tier III sexual offenses.—The following offenses shall be classified as Tier III sexual offenses:
>
> . . .

> (16) Two or more convictions of offenses listed as Tier I or Tier II sexual offenses.

42 Pa.C.S. § 9799.14(a)-(d). Specifically, the High Court construed the phrase "two or more convictions," as stated in section 9799.14(d)(16), as requiring "an act, a conviction, and a subsequent act to trigger lifetime registration for multiple offenses subject to a fifteen- or twenty-five-year period of registration." ***Lutz-Morrison***, ***supra*** at 895 (relying on ***A.S. v. Pa. State Police***, 143 A.3d 896 (Pa.Super. 2016).

Here, Appellant was charged in a single information arising from the same criminal episode. Appellant was a first-time offender and pled guilty to seven Tier I offenses. Appellant was not determined to be a sexually violent predator. As Appellant's conduct amounted to one act and one conviction under ***Lutz-Morrison***, the trial court erred in classifying him a Tier III offender subject to lifetime reporting requirements. Thus, we vacate Appellant's classification as a Tier III offender, and remand for resentencing to classify Appellant as a Tier I offender subject to a fifteen-year reporting requirement under SORNA.

Judgment of sentence affirmed in part and reversed in part.  Case remanded for resentencing.  Jurisdiction relinquished.

Judge Wecht did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/6/2017