J-S16018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLARENCE TYRONE TAYLOR | |
| Appellant | No. 1090 MDA 2014 |

Appeal from the Judgment of Sentence May 29, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000785-2013

BEFORE: PANELLA, OLSON and OTT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 12, 2017**

In this matter, which returns to us by way of remand from the Pennsylvania Supreme Court, Appellant, Clarence Tyrone Taylor, appeals his judgment of sentence entered on May 29, 2014 in the Criminal Division of the Court of Common Pleas of Lancaster County. For the reasons that follow, we vacate Appellant's judgment of sentence and remand this matter with instructions.

We adopt the statement of undisputed background facts set forth in our prior unpublished memorandum. *See Commonwealth v. Taylor*, 2015 WL 7012589, *1 (Pa. Super. June 2, 2015) (unpublished memorandum). On January 27, 2014, at the conclusion of a three-day trial, a jury found

Appellant guilty of one count each of unlawful contact with a minor,[1] criminal use of a communication facility,[2] and solicitation to commit sexual abuse of children.[3]   On May 29, 2014, the trial court sentenced Appellant to an aggregate term of three to six years' incarceration, followed by four years' probation.  In addition, over the objection of counsel,[4] the trial court ordered Appellant to register as a sex offender for the remainder of his life on grounds that he had two qualifying convictions for purposes of 42 Pa.C.S.A. §§ 9799.14 and 9799.15 of the Sex Offenders Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.40.

Appellant did not file a post-sentence motion but, on June 27, 2014, he filed a timely notice of appeal to this Court.  On July 28, 2014, Appellant timely complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Thereafter, the trial court issued its opinion on August 25, 2014.

On appeal, Appellant argued that he should have been sentenced to a 25-year registration period under §§ 9799.14 and 9799.15 of SORNA, rather

_____

[1] 18 Pa.C.S.A. § 6318(a)(1).

[2] 18 Pa.C.S.A. § 7512.

[3] 18 Pa.C.S.A. §§ 902(a) and 6312.

[4] In his objection, trial counsel argued that Appellant should be subject to a 25-year registration period because his two convictions involved only one criminal episode and one victim.

than lifetime registration, because his offenses involved a single course of conduct and one intended victim. On June 2, 2015, this Court affirmed Appellant's judgment of sentence, including the lifetime registration requirement. Specifically, we held that Appellant's convictions for unlawful contact with a minor and criminal solicitation to commit sexual abuse of children constituted "two or more convictions of offenses listed as tier I or tier II sexual offenses" under § 9799.14 of SORNA such that Appellant was subject to lifetime registration pursuant to § 9799.15.[5] **See Commonwealth v. Taylor**, 2015 WL 7012589, at *2 (Pa. Super. June 2, 2015) (unpublished memorandum).

Appellant filed a petition for allowance of appeal with our Supreme Court. By order of October 20, 2016, the Supreme Court granted Appellant's petition, vacated our order of June 2, 2015, and remanded this matter for further proceedings consistent with **Commonwealth v. Lutz-Morrison**, 143 A.3d 891 (Pa. 2016). In **Lutz-Morrison**, the Supreme Court held that § 9799.14 of SORNA encompassed a recidivist philosophy such that "the statute requires an act, a conviction, and a subsequent act to trigger lifetime registration for multiple offenses otherwise subject to a

---

[5] Section 9799.14 of SORNA provides that tier III crimes include "[t]wo or more convictions of offenses listed as [t]ier I or [t]ier II sexual offenses." 42 Pa.C.S.A. § 9799.14(d)(16). Furthermore, § 9799.15 states that "[a]n individual convicted of a [t]ier III sexual offense shall register for the life of the individual." **Id.** at § 9799.15(a)(3).

fifteen- or twenty-five-year period of registration." ***Lutz-Morrison***, 143 A.3d at 895. Applying ***Lutz-Morrison*** in the present case, it is clear that Appellant, who stands convicted of two tier II sexual offenses without an intervening judgment of sentence,[6] is now entitled to the relief he seeks, *i.e.* registration as a sexual offender for a period of 25 years. ***See*** 42 Pa.C.S.A. § 9799.15(a)(2)(individual convicted of tier II sexual offense shall register for a period of 25 years). Accordingly, we vacate Appellant's judgment of sentence and remand this matter to the trial court with instructions to amend the judgment to conform to the dictates of ***Lutz-Morrison***.

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/12/2017</u>

---

[6] SORNA classifies Appellant's convictions for unlawful contact with a minor and criminal solicitation to commit sexual abuse of children as tier II offenses. ***See*** 42 Pa.C.S.A. § 9799.14(c)(4) (sexual abuse of children), (c)(5) (unlawful contact with a minor), and (c)(18) (making solicitation of a listed offense a tier II crime).