J-A33026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA R. CRAMER | |
| Appellant | No. 432 WDA 2016 |

Appeal from the Judgment of Sentence February 23, 2016
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000601-2014

BEFORE:   LAZARUS, J., SOLANO, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY SOLANO, J.:          **FILED JANUARY 24, 2017**

Appellant, Joshua R. Cramer, appeals from the judgment of sentence imposed after a jury convicted him of six counts of possession of child pornography and one count of criminal use of a communications facility.[1] Appellant challenges the lifetime registration requirement to which he was sentenced under the Sex Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10–9799.41 (SORNA).  Specifically, Appellant presents one issue for our review:

> Where [Appellant] is tried and convicted at a single trial on six (6) Counts of Possession of Child Pornography in violation of 18 Pa.C.S.A. § 6312(d) (a Tier I SORNA offense), was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6312(d) and 7512(a), respectively.

[Appellant] wrongfully required to register as a Tier III lifetime multiple offender registrant under SORNA as opposed to a Tier I fifteen (15) year registrant?

Appellant's Brief at 5.

The Commonwealth agrees that Appellant is entitled to relief, stating:

In light of controlling decisional authority issued by the Pennsylvania Supreme Court during the pendency of [Appellant's] appeal, he is correct that he should properly be classified as a Tier-I sexual offender under SORNA and thus be subject to the attendant fifteen year registration requirement.

Commonwealth Brief at 2. The Commonwealth acknowledges that, "given this new controlling authority, the Commonwealth must concede that [Appellant's] convictions for multiple violations of 18 Pa.C.S.A. § 6312(d), which resulted from a single search of his residence and computer, a single arrest, and a single prosecution, in the absence of an intervening conviction and subsequent recidivist act, properly classify him as a Tier-I offender . . . and thus subject him to the fifteen year registration obligation called for by 42 Pa.C.S.A. § 9799.15(a)(1). *Id.* at 3-4.

We agree. The Pennsylvania Supreme Court's decisions in the companion cases of *A.S. v. Pennsylvania State Police*, 143 A.3d 896 (Pa. 2016), and *Commonwealth v. Lutz-Morrison*, 143 A.3d 891 (Pa. 2016), were issued on August 15, 2016, after the trial court in this case sentenced Appellant to lifetime registration. The Supreme Court in *Lutz-Morrison* observed that SORNA "established a three-tiered system for classifying offenses and their corresponding registration periods," and that the provision calling for lifetime registration when there have been multiple offenses under

SORNA's lower tiers "requires an act, a conviction, and a subsequent act to trigger lifetime registration for multiple offenses otherwise subject to a fifteen- or twenty-five-year period of registration." **Lutz-Morrison**, 143 A.3d at 892, 894–95 (emphasis added). Appellant's case is not one in which there was an act, a conviction, and a subsequent act.

Accordingly, with the benefit of the Supreme Court's recent statutory construction, we vacate the lifetime registration portion of Appellant's sentence and remand for imposition of a fifteen-year reporting requirement under SORNA. In all other respects, Appellant's judgment of sentence is affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2017