J-S87026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRYANT MAURICE ASTLES | |
| Appellant | No. 651 MDA 2016 |

Appeal from the Judgment of Sentence Dated March 17, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-0000965-2015

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED JANUARY 24, 2017**

Appellant, Bryant Maurice Astles, appeals from the judgment of sentence imposed after he pleaded guilty, on October 15, 2015, to one count of corrupting a minor in violation of 18 Pa.C.S. § 6301(a).  Appellant challenges the lifetime registration requirement to which he agreed under the Sex Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10–9799.41 (SORNA).  On the basis of our Supreme Court's recent interpretation of SORNA in **A.S. v. Pennsylvania State Police**, 143 A.3d 896 (Pa. 2016), and **Commonwealth v. Lutz-Morrison**, 143 A.3d 891 (Pa. 2016), we vacate the lifetime registration portion of Appellant's sentence

_____

[*] Retired Senior Judge assigned to the Superior Court.

and remand for imposition of a fifteen-year reporting requirement under SORNA.

The Commonwealth stated the factual basis for Appellant's guilty plea as follows:

> Offense date, August 16th of 2012. On various occasions between June 1st, 2012 and August 31, 2012, the defendant, being 18 years of age and upwards, corrupted or tended to corrupt the morals of a child under the age of 18 years, namely, a 15-year-old juvenile female by attempting to engage in a sex act with her.

N.T., 10/15/15, at 6. The Criminal Complaint stated that, according to the juvenile victim, Appellant raped her, and she subsequently learned she was pregnant and gave birth to a daughter. Criminal Complaint, 2/25/15, at 1-2.[1]

On March 17, 2016, after receipt of Appellant's guilty plea, the trial court sentenced Appellant to 9 to 18 months' incarceration. Consistent with the terms of Appellant's negotiated plea, the court directed Appellant's lifetime registration as a Tier III sex offender under SORNA.

SORNA requires persons convicted of certain sexual offenses to register with the Pennsylvania State Police. The statute "established a

---

[1] On February 25, 2015, the Commonwealth charged Appellant with statutory sexual assault, 18 Pa.C.S. § 3122.1, but it amended the complaint on March 11, 2015 to withdraw the statutory sexual assault charge and add the felony corruption of minors charge, 18 Pa.C.S. § 6301(a), as part of Appellant's negotiated plea. Criminal Complaint, 2/25/15; N.T., 10/15/15, at 2.

three-tiered system for classifying offenses and their corresponding registration periods." ***Lutz-Morrison***, 143 A.3d at 892. "The tiers provide for registration periods of fifteen years (Tier I), twenty-five years (Tier II), or lifetime (Tier III), depending on the offense(s) and/or circumstances." ***Id.***, citing 42 Pa.C.S. § 9799.15(a)(1)–(3). Under SORNA, corrupting a minor in violation of 18 Pa.C.S. §§ 6301(a) is a Tier I offense subject to a 15-year registration requirement. ***See*** 42 Pa. C.S. § 9799.14(b)(8). However, if the defendant has "[t]wo or more convictions of offenses listed as Tier I or Tier II sexual offenses," the defendant falls within Tier III and must register for life. ***Id.*** § 9799.14(d)(16). At the time Appellant was convicted in this case, he had one prior conviction for a Tier I sexual offense — indecent assault in violation of 18 Pa. C.S. § 3126(a). Order, 3/17/16; ***see*** 42 Pa. C.S. § 9799.14(b)(6) (making indecent assault a Tier I offense under SORNA). Accordingly, the trial court's sentencing order included the lifetime registration requirement, with a notation on the order that read, "Tier I – subsequent offense." Order, 3/17/16.

Although Appellant agreed to lifetime registration as part of his plea, he filed this timely appeal, in which he states his single issue as follows:

> Whether the Trial Court erred by classifying [Appellant] as a Tier III sexual offender, pursuant to 42 Pa.C.S. 9799.14(d)(16) (multiple convictions), and imposing a lifetime registration requirement, where the multiple offenses charged in this case are from the same course of conduct?

Appellant's Brief at 1. Appellant's appeal forecast the Supreme Court's interpretation of SORNA in **A.S.** and **Lutz-Morrison**, opinions that the Supreme Court issued on August 15, 2016.

The question in **Lutz-Morrison** was whether the language in Section 9799.14(d)(16) of SORNA — which provides that conviction of "[t]wo or more convictions of offenses listed as Tier I or Tier II sexual offenses" requires lifetime registration as a Tier III sexual offender under the statute — called for a Tier III classification even where the multiple convictions all were based on a single course of conduct. The defendant in **Lutz-Morrison** was convicted of three counts of possession of child pornography on the basis of videos and images found at the same time on his computer and iPhone. 143 A.2d at 893-91. Possession of child pornography is a Tier I offense under SORNA, and because of the multiple counts, the defendant was classified as a Tier III offender and required to register for life. **Id.** at 894. The Supreme Court reversed that aspect of the defendant's sentence, holding:

> [T]he statute, which sets forth a graduated (three-tier) scheme of registration, encompasses a recidivist philosophy. As such, the statute requires an act, a conviction, and a subsequent act to trigger lifetime registration for multiple offenses otherwise subject to a fifteen- or twenty-five-year period of registration.

**Id.** at 895. Under that analysis, the defendant's multiple convictions of Tier I offenses based on his single course of conduct in possessing the child

- 4 -

pornography did not qualify for a Tier III classification under the statute.[2]

Appellant contends that, like the defendants in **A.S.** and **Lutz-Morrison**, he was convicted of multiple Tier I offenses that arise out of a single course of conduct, and that it therefore was error to require his lifetime registration as a Tier III sexual offender. Resolution of this contention requires that we determine whether Appellant's earlier conviction of indecent assault in violation of 18 Pa. C.S. § 3126(a) arose from the same course of conduct as that giving rise to his conviction in this case for corrupting a minor in violation of 18 Pa.C.S. §§ 6301(a). We conclude that it did.

Both convictions relate to events in the summer of 2012 involving Appellant and the same victim. Appellant's conviction of indecent assault was based on an incident that summer, in which Appellant touched the victim's breasts. N.T., 10/6/15,[3] at 2-4; Criminal Complaint, 9/12/12, at 2.

_____

[2] **A.S.** presented the same issue under a predecessor to the SORNA statute, and the Court decided both **A.S.** and **Lutz-Morrison** together and interpreted the two statutes consistently. In **A.S.**, the defendant was convicted of sexual abuse of a child and unlawful contact with a child as a result of his taking and transmission of sexually explicit photographs of a girl under 16. 143 A.3d at 899. The Court concluded that because the crimes "arose out of the same course of conduct," they did not give rise to a Tier III classification. **Id.** at 905.

[3] The transcript citations to October 6, 2015 reference the pre-trial hearing; the transcript citations to October 15, 2015 reference the plea hearing.

Appellant was charged with that assault on September 12, 2012, and he pleaded guilty on June 18, 2013.

The corruption charge at issue in this appeal arose from events that occurred during the same time period in 2012, when Appellant had sexual intercourse with the same victim without her consent. Although this crime occurred in 2012, it was not charged until February 25, 2015, after the victim came forward with additional information on what had happened that summer. In explaining the two-and-a-half year time lapse between the filing of the two charges, the second Criminal Complaint explained:

> The victim was asked why she was able to talk about being sexually assaulted and she accredited the years of therapy, support and treatment she received that gave her the courage to come forward about everything that happened that night.

Criminal Complaint, 2/25/15, at 2.

The two criminal complaints that underlie Appellant's convictions each allege events that occurred with the same victim in the summer of 2012. *See* Criminal Complaint, 2/25/15; Criminal Complaint, 9/12/12. In discussing the separate charges, the trial court stated, "I don't think there's any question it's the same criminal episode." N.T., 10/3/15, at 3. The Commonwealth agreed, responding, "It's the same criminal episode, however, the indecent assault that the defendant had plead guilty to in the first prosecution . . . was indecent for contact with the victim's breast without her consent, the charge the Commonwealth originally brought. And I understand the criminal information in the [second] case is different." *Id.*

at 4. Because the two convictions stemmed from the same course of conduct, they cannot give rise to a Tier III classification. In the words of ***Lutz-Morrison***, there was not an "an act, a conviction, and a subsequent act," the sequence needed to trigger lifetime registration for multiple offenses under SORNA. ***See*** 143 A.2d at 895.

We note that, unlike the defendants in ***A.S.*** and ***Lutz-Morrison***, who entered open guilty pleas, Appellant agreed to the lifetime registration when he entered his negotiated guilty plea in this case. However, the fact that Appellant agreed to lifetime registration as part of his plea on October 15, 2015 is not dispositive of our analysis, as the Supreme Court has construed the statute to negate the propriety of such lifetime registration in these circumstances. Within his negotiated plea, Appellant could not agree to a sentence that is not authorized under the statute. ***See***, ***e.g.***, ***Commonwealth v. Kinnan***, 71 A.3d 983 (Pa. Super. 2013) (vacating judgment of sentence and remanding for resentencing where, although defendant entered a negotiated guilty plea, the Superior Court determined that the restitution component of defendant's sentence was improper).

Accordingly, with the benefit of the Supreme Court's recent statutory construction, we are compelled to recognize the impropriety of Appellant's lifetime registration. We therefore vacate the lifetime registration portion of Appellant's sentence and remand for imposition of a fifteen-year reporting requirement under SORNA. In all other respects, Appellant's judgment of sentence is affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2017