J-S22011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTOPHER ZAYAS, | |
| Appellant | No. 1158 EDA 2017 |

Appeal from the Judgment of Sentence Entered November 7, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0010608-2015
CP-51-CR-0013259-2013

BEFORE: BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED JUNE 25, 2018**

Appellant, Christopher Zayas, appeals from the judgment of sentence entered in two cases that were consolidated for trial, CP-51-CR-0013259-2013 (hereinafter, "case 3259-2013") and CP-51-CR-0010608-2015 (hereinafter, "case 0608-2015"). After careful review, we quash the appeal filed in 3259-2013 and affirm Appellant's judgment of sentence in case 0608-2015.

The facts of Appellant's underlying convictions are not pertinent to our disposition of his present appeal. The trial court summarized the procedural history of Appellant's cases, as follows:

> On November 7, 2016, [Appellant] … pled *nolo contendere*, pursuant to a negotiated plea agreement, to charges in two

---

[*] Retired Senior Judge assigned to the Superior Court.

consolidated cases.  At Docket No. … 3259-2013, [Appellant] pled to one count each of rape of a child (18 Pa.C.S. § 3121(c)) and corrupting the morals of a minor (18 Pa.C.S. § 6301(a)(1)(ii)), regarding [one] victim….  At Docket No. … 0608-2015, [Appellant] pled to one count of involuntary deviate sexual intercourse with a child (18 Pa.C.S. § 3123(b)), regarding [a second] victim….  That same day, the [c]ourt imposed the negotiated aggregate sentence of eleven and a half to twenty-three months['] incarceration in county prison followed by ten years of reporting probation.  Per the plea agreement, the Commonwealth waived an evaluation of defendant by the Sexual Offenders Assessment Board and stipulated that defendant was not a sexually violent predator.  The parties also stipulated that under the Sex Offender Registration and Notification Act ("SORNA"), [Appellant] was subject to lifetime sex offender reporting.[2]

> [2] Prior to the enactment of SORNA, Pennsylvania's sex offender registration statute was commonly referred to as "Megan's Law."  ***See, e.g., Commonwealth v. Lutz-Morrison***, 143 A.3d 891, 892 (Pa. 2016).  It is still common practice to refer to the sex offender registration statute as "Megan's Law" rather than "SORNA," which was done during the hearing in the case at bar.  ***See*** N.T.[,] 11/7/2016[,] at 16, 27-28.

> [Appellant] filed a post-sentence motion in each case.  On March 6, 2017, the [c]ourt denied the motion filed at Docket No. … 3259-2013, and on March 13, 2017, the [c]ourt denied the motion filed at Docket No. … 0608-2015.

Trial Court Opinion (TCO), 6/29/17, at 1-2 (some footnotes omitted).

Appellant filed a notice of appeal with this Court on April 7, 2017, which was 25 days after his post-sentence motion was denied in case 0608-2015, and 33 days after his post-sentence motion was denied in case 3259-2013. On April 17, 2017, this Court issued a rule to show cause why his appeal in case 3259-2013 should not be quashed as untimely.  On April 26, 2017, Appellant filed a response, arguing that this Court should overlook the untimeliness of his appeal in case 3259-2013 because the issue he seeks to

raise in that case is identical to the claim being asserted in his timely-filed appeal in case 0608-2013. He also noted that the Commonwealth would not be prejudiced by having both appeals proceed together. Appellant cited no legal authority to demonstrate that this Court may overlook the untimeliness of his appeal for these reasons.

On May 16, 2017, our Court issued an order discharging the rule to show cause and referring the question of the timeliness of Appellant's appeal to this panel. Thereafter, Appellant filed his brief with this Court, in which he does not present any argument regarding the timeliness question. Nevertheless, we must address that issue *sua sponte*, as it implicates our jurisdiction to decide Appellant's appeal in case 3259-2013. **See Commonwealth v. Williams**, 106 A.3d 583, 587 (Pa. 2016) ("The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act.") (citations omitted). "Absent extraordinary circumstances, an appellate court lacks the power to enlarge or extend the time provided by statute for taking an appeal." **Id.** (citing, *inter alia*, Pa.R.A.P. 105). Additionally, where, as here, a defendant files a timely post-sentence motion, the notice of appeal must be filed "within 30 days of the entry of the order deciding the motion[.]" Pa.R.Crim.P. 720(A)(2)(a).

Appellant's notice of appeal in case 3259-2013 was filed 33 days after the order denying his post-sentence motion. Again, Appellant offers no argument or supporting legal authority to demonstrate that there are

- 3 -

'extraordinary circumstances' in case 3259-2013 that would permit us to extend the time-period for filing his appeal. Thus, we quash Appellant's appeal in case 3259-2013.

In case 0608-2015, Appellant presents a single issue for our review: "Did the lower court err in denying [Appellant's] Motion to Reconsider the 'Megan's Law' component of his sentence without a hearing?" Appellant's Brief at 4. Essentially, Appellant complains that the trial court should have reconsidered the lifetime registration requirement imposed in this case.

In the trial court's opinion, it explains why it declined to reconsider this portion of Appellant's sentence, stating:

> The registration and reporting requirements of SORNA are entirely determined by statute, and are not within the discretion of the sentencing judge. In particular, SORNA created a three-tier system for classifying sexually violent offenses, along with registration and reporting requirements for each tier. For anyone convicted of a Tier III offense, the statute mandates lifetime registration and reporting. The Tier III offenses include rape and involuntary deviant [*sic*] sexual intercourse. 42 Pa.C.S. §§ 9799.14, 9799.15(a)(3); ***Commonwealth v. Lutz-Morrison***, 143 A.3d 891, 892-[]93 (Pa. 2016). Because [Appellant] pled *nolo contendere* to both rape and involuntary deviate sexual intercourse, SORNA required that he be subject to lifetime reporting and registration. The [c]ourt had no authority to change that portion of the sentence. Therefore, [Appellant's] claim that the [c]ourt erred by not "reconsidering" the reporting and registration requirements that resulted from his plea is frivolous.

TCO at 3.

Appellant's entire response to the trial court's position consists of the following:

But had the [c]ourt convened a hearing on the motion, other alternatives to resentencing if not possibly vacating the *nolo contendere* pleas[] could have been potentially explored, especially since [Appellant] only became aware of the SORNA requirement on the day he was set to go to trial, and it is these requirements that have severely impacted his ability to have custody over his children upon his release from jail in the instant case.[1]

> [1] Candor to the Court requires disclosure of the fact that [] [A]ppellant has since been found to be in technical violation of the probationary sentences imposed in this case and was resentenced to a term of incarceration, accordingly.

Appellant's Brief at 6.

Appellant's undeveloped and legally unsupported argument fails to demonstrate any error by the trial court, which did not have the discretion to disregard SORNA's registration requirements. We also point out that Appellant did not request to withdraw his *nolo contendere* plea in his post-sentence motion. Thus, his suggestion that such an outcome could have occurred at a hearing on that motion is meritless. Accordingly, we affirm Appellant's judgment of sentence in case 0608-2015.

Appeal quashed in case CP-51-CR-0013259-2013. Judgment of sentence affirmed in case CP-51-CR-0010608-2015. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/18

- 5 -