J-S42014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DAVID FREDERICK | : | |
| Appellant | : | No. 539 WDA 2022 |

Appeal from the Judgment of Sentence Entered April 11, 2022
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000497-2013

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: March 21, 2025**

David Frederick appeals from the judgment of sentence of five years
and four months to seventeen years of incarceration, followed by three years
of probation, which was imposed after a jury convicted him of endangering
the welfare of children ("EWOC"), indecent assault, and related charges.  We
affirm in part and vacate in part.

This matter comes to us on remand from the Pennsylvania Supreme
Court, which vacated this Court's order stemming from a prior non-
precedential decision.   Therein, we previously summarized the factual
background of this matter as follows:

> The Commonwealth charged Appellant with fifteen criminal
> offenses stemming from his protracted sexual abuse of his
> biological daughter that began when she was eleven or twelve
> years old and continued on a weekly basis until she was seventeen

---

[*] Retired Senior Judge assigned to the Superior Court.

years old. Based on the victim's date of birth and her testimony at trial, we discern that the offenses occurred from 2008 until 2013. Following a two-day jury trial on April 14 and 15, 2014, Appellant was convicted of two counts of EWOC and one count each of corruption of minors – sexual offense, indecent assault person less than sixteen years of age, and indecent assault – without the consent of other. Appellant was acquitted of the remaining charges. . . .

At the time of his conviction, Appellant was subject to registration as a sex offender under the Sexual Offender Registration and Notification Act ("SORNA") pursuant to 42 Pa.C.S. § 9799.13[,] as his convictions for indecent assault and corruption of minors were considered "sexually violent offenses" under the statute. Consequently, Appellant was subject to assessment by the Sexual Offender Assessment Board ("SOAB") pursuant to 42 Pa.C.S. § 9799.24(a). On October 8, 2014, following an assessment and a hearing, the trial court determined Appellant to be a sexually violent predator ("SVP").

On November 14, 2014, Appellant was sentenced to an aggregate term of sixty-two months to nineteen years of imprisonment. The trial court also designated Appellant as a Tier III lifetime registrant pursuant to SORNA due to his SVP designation. On direct appeal, this Court affirmed Appellant's judgment of sentence, and he did not seek further review.

On July 3, 2017, Appellant filed a timely [Post Conviction Relief Act ("PCRA")] petition asserting various claims for relief. . . . [The PCRA court denied relief. On appeal, we remanded for resentencing since the jury should have been instructed that both EWOC and corruption of minors required the existence of a "course of conduct" by Appellant.]

In the years that had elapsed between Appellant's conviction and this Court's *vacatur* of his judgment of sentence, Pennsylvania adopted a bifurcated statutory scheme with respect to registration under SORNA. As reconstituted, Subchapter H applies to defendants who, *inter alia*, were convicted of committing sexually violent offenses on or after December 20, 2012. By contrast, a newer statute, Subchapter I, applies to those defendants who were convicted of committing sexually violent offenses "on or after April 22, 1996, but before December 20, 2012." *See* 42 Pa.C.S. § 9799.52(1). The dates of Appellant's

offenses arguably f[e]ll [within] both time periods. However, while his convictions remain sexually violent offenses under Subchapter H, they are not predicate offenses under Subchapter I.

On remand, the trial court filed an order indicating that no SVP re-assessment was necessary and directed that Appellant's SVP status under Subchapter H would remain unchanged. Appellant objected and averred that his registration status was properly governed by Subchapter I of SORNA and, since he had not been convicted of a sexually violent offense enumerated under that statute, he should not be subject to lifetime registration as an SVP. . . . The trial court issued an order and opinion overruling Appellant's objection.

On April 5, 2022, Appellant appeared for resentencing. At the hearing, defense counsel renewed his objection to the registration requirements, arguing that because Appellant's offense dates straddled Subchapters H and I of SORNA, Subchapter I should apply pursuant to *Commonwealth v. Alston*, 212 A.3d 526 (Pa.Super. 2019). . . . The trial court . . . found that, because the victim testified that the assaults continued into 2013, Subchapter H applied. Accordingly, the prior registration requirements remained and the trial court resentenced Appellant to serve five years and four months to seventeen years' incarceration[,] followed by three years of probation, which was the same sentence Appellant received previously.

*Commonwealth v. Frederick*, 292 A.3d 642, 2023 WL 2232664, at *1-2 (Pa.Super. 2023) (non-precedential decision) (cleaned up), *order vacated by* 324 A.3d 441 (Pa. 2024).

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant raised the following two claims:

I.    Whether the sentencing court erred in requiring [Appellant] to register as a[n SVP] pursuant to 42 Pa.C.S. § 9799.10, *et seq.*, where 42 Pa.C.S. § 9799.10, *et seq*. does not apply

because the criminal information reflected a date range between June 1, 2008 and June 1, 2011, the record is void of indication that the criminal information had been amended, the jury did not make a specific finding as to the date of the crimes for which [Appellant] was convicted, [Appellant] was convicted of 18 Pa.C.S. § 3126(a)(8), complainant less than [sixteen] years of age, which means the offense would have had to occurred before complainant's [sixteenth] birthday on August 19, 2011 prior to the December 20, 2012 applicability date of 42 Pa.C.S. § 9799.10, *et seq.*, and therefore [Appellant] has not been convicted of a sexually violent offense?

II.   Whether the sentencing court erred in requiring [Appellant] to undergo a mandatory consecutive period of probation of [three] years pursuant to 42 Pa.C.S. § 9718.5 where [Appellant] has not been convicted of a sexually violent offense under 42 Pa.C.S. § 9799.14(d) because the criminal information reflected a date range between June 1, 2008 and June 1, 2011, the record is void of indication that the criminal information was amended, the jury did not make a specific finding as to the date of the crimes for which [Appellant] was convicted, [Appellant] was convicted of 18 Pa.C.S. § 3126(a)(8), complainant less than [sixteen] years of age, which means that offense would have had to occurred before complainant's [sixteenth] birthday on August 19, 2011 prior to the December 20, 2012 applicability date of 42 Pa.C.S. § 9799.10, *et seq.*?

Appellant's brief at 13-14 (cleaned up).

In this Court's prior memorandum, we concluded that the PCRA court erred in subjecting Appellant to Subchapter H of SORNA and vacated the SVP determination. Specifically, we determined that **Alston**, which Appellant cited at his re-sentencing hearing, directly controlled this issue. **See Frederick**, 2023 WL 2232664 at *4. Additionally, we granted relief to Appellant concerning his second issue, since all parties agreed that he was not convicted

of any offenses subject to the mandatory probation to which he was sentenced.

Following our decision, the Commonwealth timely filed a petition for allowance of appeal in our High Court, limited to the issue of whether we erred in vacating Appellant's SVP designation.[1] While that petition was pending, the Pennsylvania Supreme Court decided **Commonwealth v. Torsilieri**, 316 A.3d 77 (Pa. 2024) ("**Torsilieri II**"), which held, *inter alia*, that Torsilieri failed to meet his burden of proving that "the registration and notification requirements in Subchapter H of SORNA constitute criminal punishment." **Id**. at 79. Following that decision, the Supreme Court entered an order granting the allowance of appeal filed by the Commonwealth in this case, vacating this Court's order, and remanding for reconsideration in light of **Torsilieri II**. Pertinent here, the Court further entered an order in June 2024 vacating this Court's **Alston** decision and remanding to the trial court for reassessment due to the **Torsilieri II** pronouncement. **See** Order, 6/26/24, 399 MAL 2019.

_____

[1] More specifically, the petition averred as follows:

> Did the Superior Court err as a matter of law when, in reliance on [**Alston**], it held that an offender whose offense conduct straddles the operative dates of Subchapters H and I of Act 29 is entitled to the "lower" reporting requirements of Subchapter I, where Subchapter H is presumptively non-punitive and therefore not subject to the same constitutional protections as criminal sentences.

Petition for Allowance of Appeal, 3/29/23, 68 WAL 2023.

Upon remand, we issued a scheduling order directing Appellant and the Commonwealth to submit supplemental briefs focusing on "[w]hether the trial court correctly determined that Appellant was subject to Subchapter H of SORNA instead of Subchapter I, in light of the Pennsylvania Supreme Court's decision in [*Torsilieri II*], as well as the Court's subsequent order vacating [*Alston*]." Order, 9/30/24. Appellant did not file a brief despite being given an extension of time in which to do so, and we therefore prohibited him from filing any additional briefs. On the same day we issued that sanction, Appellant, through counsel, submitted a letter indicating that he would not be filing a brief and that "[a]s a result of the Supreme Court's decision in both [*Alston*] and [*Torsilieri II*, Appellant's] appeal here fails." Correspondence, 12/20/24. The Commonwealth timely submitted its supplemental brief.

We now dutifully reconsider Appellant's claims pursuant to the directive of our High Court. We begin with Appellant's first issue, wherein we must decide whether the trial court correctly determined that Subchapter H of SORNA applied to Appellant. This question "presents a question of law; thus[,] our review is plenary and non-deferential." *Commonwealth v. Lutz-Morrison*, 143 A.3d 891, 894 (Pa. 2016) (citation omitted).

In *Torsilieri II*, our High Court recognized that various constitutional challenges to Subchapter H of SORNA depend upon a finding that it is punitive legislation. This would include Appellant's present challenge to his SVP status, as it implicates the right to trial by jury. *See Torsilieri II*, 316 A.3d at 100

("Importantly, [the a]ppellee's other constitutional challenges — regarding the separation of powers doctrine, the United States Constitution's prohibition on cruel and unusual punishment, and the right to a trial by jury — depend upon a determination that Subchapter H is punitive legislation."); *id*. at 80 (stating that this question is "a gateway inquiry, as legislation must be deemed to be in the nature of criminal punishment to invoke the protections of these constitutional provisions"). Notably, this Court has recently interpreted the *Torsilieri II* decision to categorically find that "Subchapter H of SORNA is not punitive[.]" *Commonwealth v. Ross*, ____ A.3d ____, 2025 WL 338502 at *6 (Pa.Super. 2024) (citation omitted).

In his counseled letter to this Court, without significant discussion, Appellant concedes that his SVP claim on appeal fails in light of *Torsilieri II*. For its part, the Commonwealth advances the same position. *See* Commonwealth's supplemental brief at 9-10. Upon review, we agree with the parties that Appellant is not entitled to relief. Pursuant to *Ross*, Subchapter H plainly is not punitive. Accordingly, there is no constitutional requirement that a jury must determine with specificity the dates of the crimes in question before the trial court can subject Appellant to Subchapter H. The testimony at trial bore out that Appellant's abuse continued into 2013, beyond the December 20, 2012 triggering date for Subchapter H. Therefore, the court did not err in designating Appellant as an SVP based upon his underlying convictions.

In Appellant's second claim, he asserts that the court erred in imposing a mandatory three-year probationary tail to his sentence. **See** Appellant's brief at 32-34. We previously analyzed this argument and agreed with Appellant, noting that none of his convictions are predicate offenses included in the list incorporated by reference into 42 Pa.C.S. § 9718.5(a), which the court relied upon in imposing that particular sentence. **See Frederick**, 2023 WL 2232664 at *5.

Section 9718.5 provides in relevant part as follows:

A person who is convicted in a court of this Commonwealth of an offense under section 9799.14(d) (relating to sexual offenses and tier system) shall be sentenced to a mandatory period of probation of three years consecutive to and in addition to any other lawful sentence issued by the court.

42 Pa.C.S. § 9718.5(a).

In accordance with the plain language of the above statute, only those convicted of offenses listed in subsection (d) of § 9799.14 are subject to imposition of this mandatory period of probation. Section 9799.14(d) enumerates the convictions that constitute "Tier III" offenses pursuant to SORNA Subchapter H. Notably, none of the offenses of which Appellant was convicted constitutes Tier III offenses pursuant to § 9799.14(d). Hence, Appellant should not have been subject to this mandatory probationary sentence and his illegal sentence must be set aside.

In sum, we uphold Appellant's designation as an SVP, vacate his mandatory three-year probationary sentence, and affirm the judgment of sentence in all other respects.

Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.

Judge Colins did not participate in the consideration or decision of this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/21/2025