J-S55008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT KERNS, | : | |
| | : | |
| Appellant | : | No. 606 MDA 2017 |

Appeal from the PCRA Order March 13, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0000371-2001

BEFORE:   DUBOW, J., RANSOM, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                   **FILED NOVEMBER 07, 2017**

*Pro se* Appellant Scott Kerns seeks review of the denial of his 14th Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely.  We affirm.

Appellant was arrested on November 7, 2000, and charged with numerous sex offenses committed against his 10-year-old stepdaughter, including rape.  Appellant ultimately entered an open guilty plea to one count of Involuntary Deviate Sexual Intercourse.[1]  On January 18, 2002, after a hearing, the court found him to be a sexually violent predator ("SVP")

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3123(a)(6) (currently 18 Pa.C.S. § 3123(b)) pertaining to victim under 13 years old.

and sentenced him to a term of 7½ to 20 years' incarceration.[2]  This Court affirmed his Judgment of Sentence on December 23, 2003, and Appellant sought no further review.  His Judgment of Sentence, thus, became final on January 12, 2004.

Appellant subsequently filed 13 unsuccessful PCRA Petitions.  He filed the instant *pro se* Petition, his 14th, on or about October 7, 2016.  On January 27, 2017, the PCRA court notified Appellant pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the Petition without a hearing as untimely filed.  Appellant responded.  The PCRA court dismissed the Petition on March 13, 2017.  Appellant filed a timely Notice of Appeal.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.[3]

Appellant raises the following seven issues in his Brief (verbatim):

1. Did the court err by time barring Petitioner where Petitioner filed the instant PCRA within 60 days of the date **A.S. v. Police** and **Com v. Lutz-Morrison** was decided?

2. Did the Court err by not correcting an illegal sentence under 42 Pa.C.S. § 9718?

3. Did the Court err by stating that IDSI automatically carried Lifetime registration?

---

[2] Appellant's designation as a SVP convicted of IDSI (minor victim) carried with it a lifetime registration requirement under then-applicable **Megan's Law II**.

[3] The trial court submitted a "Statement of Reasons" dated May 4, 2017, directing this Court's attention to its January 25, 2017 Pa.R.Crim.P. 907 Order and Notice of Intent to Dismiss.

4. Did the Court err by Adding Megan's Law requirements to Petitioner's sentence after the Plea was accepted where it is not part of the Plea Agreement?

5. Did the court err in not supplying the Appellant with a copy of the original Guilty Plea?

6. Did the court err by not enforcing the guilty Plea?

7. Did the Court err by classifying Petitioner as an SVP and requiring him to register for the rest of his lifetime?

Appellant's Brief at 3.[4]

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's claims, however, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. No court has jurisdiction to hear an untimely PCRA Petition. *Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008).

A PCRA Petition must be filed within one year of the date the underlying Judgment of Sentence becomes final; a Judgment of Sentence is

_____

[4] With respect to issues 3 through 7, our review of the voluminous certified record indicates that each of Appellant's particular challenges to the application of the lifetime registration requirement imposed upon him as a SVP pursuant to Megan's Law II has been previously raised and litigated, on either direct appeal or in PCRA petitions. Challenges to his 2001 guilty plea have also been addressed in prior PCRA petitions. Accordingly, Appellant's issues 3 through 7 are no longer cognizable under the **PCRA**. *See* 42 Pa.C.S. §§ 9543(a)(3) and 9544(a)(2); *Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011).

deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S. § 9545(b)(1), (3). However, the PCRA provides exceptions to the timeliness requirement in certain circumstances. **See id.** at Section 9545(b)(1)(i)-(iii). For a petitioner to avail himself of one of the exceptions, he must file his Petition within 60 days of the date the claim could have been presented. **See id.** at Section 9545(b)(2).

"Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto[,]" including filing the Petition within 60 days of the date the claim could have been presented. **Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999) (citations omitted); 42 Pa.C.S. 9545(b)(2). Claims previously raised and litigated are not cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(3).

Appellant's Judgment of Sentence became final on January 12, 2004. The deadline for filing a timely PCRA Petition was one year later, January 12, 2005. The instant Petition, filed in October 2016, is facially untimely.

However, Appellant avers that his Petition falls within the exception to the time bar provided in 42 Pa.C.S. § 9545(b)(1)(ii) because "he filed the instant Post-Conviction Relief Act Petition within 60 days [of August 24, 2016, the date he] found out about **A.S. v. Pa. State Police**, 143 A.3d 896 (Pa. 2016) and **Commonwealth v. Lutz-Morrison**, 143 A.3d 891 (Pa.

2016)."[5]  In his Reply Brief, Appellant quite clearly insists that he filed the instant Petition asserting the "Newly Discovered Facts" exception provided in Section 9545(b)(1)(ii), not subsection (b)(1)(iii), because "that's what the two Pa. Supreme Court decisions are to Appellant (Newly Discovered Facts)." Reply Brief at 3.[6]

"Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by [S]ection 9545(b)(1)(ii)." **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013).  Appellant's reliance on subsection (b)(1)(ii) is, thus, misplaced and to no avail.

Appellant also asserts in his Brief that his "conviction under [42 Pa.C.S. §] 9718 must be vacated" based on **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016).[7]  Appellant's Brief at 6-7.  The Pennsylvania Supreme

_____

[5] Appellant asserts that pursuant to **A.S**. and **Lutz-Morrison**, "[f]irst time sex offenders that have lifetime registration it is held unconstitutional, the Court opinioned that SVP status is only for repeat offenders."  Appellant's Brief at 10 (verbatim).

[6] The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate that he did not know the facts upon which he based his Petition and could not have learned those facts earlier by the exercise of due diligence.  **Commonwealth v. Brown**, 111 A.3d 171, 176-77 (Pa. Super. 2015).

[7] The **Wolfe** Court affirmed this Court's determination that, pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013), Section 9718 (imposing a mandatory minimum sentence of 10 years' incarceration for IDSI convictions where the victim is less than sixteen years of age) is
*(Footnote Continued Next Page)*

Court affirmed this Court's decision in **Wolfe** on June 20, 2016, but Appellant did not file the instant Petition until October 7, 2016, over sixty days later. Accordingly, even if he had raised his claim under Section 9545(b)(1)(iii), it would fail to meet the exception to the PCRA time bar.

Moreover, the applicability of **Wolfe** to Appellant's case has been previously litigated. Contrary to Appellant's assertion that he could not have raised it because his 13th PCRA Petition was pending, he did, in fact, assert a legality of sentence issue based on the Superior Court's disposition of **Wolfe** in his 13th PCRA. The PCRA court dismissed it, concluding that **Alleyne v. United States**, 133 S.Ct. 2151 (2013), is not applicable retroactively. **See** PCRA Order and Notice of Intent to Dismiss, dated 11/18/15, at 6; Trial Ct. Op, dated 3/23/16, at 6. On appeal, this Court affirmed, noting that Appellant was not sentenced to the Section 9718 mandatory minimum[8] and, thus, concluding that "[t]he trial court's exercise of its sentencing discretion does not implicate **Alleyne**. Appellant's argument is unavailing []even if[,] contrary to existing precedent[,] we apply **Alleyne** retroactively." **Commonwealth v. Kerns**, No. 131 MDA 2016 (Pa. Super. filed July 22, 2016) (unpublished memorandum). Accordingly, because Appellant

_(Footnote Continued)_ _____

"irremediably unconstitutional on its face, non-severable, and void." **Wolfe**, 140 A.3d at 663.

[8] As noted above, Appellant was sentenced to 7½ to 20 years' incarceration, not a mandatory minimum of 10 years.

- 6 -

previously raised the issue, even if it had been timely raised and not subject to the rules pertaining to timeliness, it is no longer cognizable under the PCRA. *See* 42 Pa.C.S. §§ 9543(a)(3), 9544(a)(3); *Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011).

Because no court has jurisdiction to hear an untimely PCRA Petition, the PCRA court properly dismissed the Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2017