J-S54006-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENEDICTO PEREZ | : | |
| | : | |
| Appellant | : | No. 841 WDA 2016 |

Appeal from the Judgment of Sentence May 17, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014260-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENEDICTO PEREZ | : | |
| | : | |
| Appellant | : | No. 1377 WDA 2016 |

Appeal from the Judgment of Sentence August 19, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014260-2014

BEFORE: OTT, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.: FILED DECEMBER 13, 2017

In this consolidated appeal, Benedicto Perez appeals from the judgment

of sentence, entered May 17, 2016, in the Court of Common Pleas of Allegheny

County. Perez filed another appeal from the judgment of sentence, following

_____

[*] Former Justice specially assigned to the Superior Court.

the trial court's August 19, 2016, determination that he is a sexually violent predator (SVP).[1] A jury found Perez guilty of three counts of indecent assault,[2] one count of unlawful contact with minors,[3] one count of endangering welfare of children (EWOC),[4] and two counts of corruption of minors.[5] The trial court sentenced Perez to an aggregate term of four to 12 years' imprisonment, followed by six years' probation. The trial court also imposed lifetime registration requirements at Counts 1 and 2 (indecent assault – person less than 13 years of age), Count 5 (EWOC), and Count 6 (corruption of minors), pursuant to SORNA.[6] On August 19, 2016, the trial court conducted a hearing and found Perez to be an SVP. Perez raises five issues on appeal, namely, (1) the trial court erred in denying his motion for discovery, (2) the trial court abused its discretion by imposing a manifestly excessive and unreasonable

_____

[1] On November 17, 2016, this Court consolidated these appeals sua sponte.

[2] 18 Pa.C.S. § 3126(a)(7) (victim under age of 13, course of conduct), 18 Pa.C.S. § 3126(a)(7) (victim under age of 13), and 18 Pa.C.S. § 3126(a)(8) (defendant 4 or more years older than victim, not married to victim).

[3] 18 Pa.C.S. § 6318(a)(1).

[4] 18 Pa.C.S. 4304(a), (b)(ii).

[5] 18 Pa.C.S. § 6301(a)(1)(ii) (sexual conduct, course of conduct) and 18 Pa.C.S. § 6301(a)(1) (sexual conduct).

[6] Sexual Offenders Registration and Notification Act (SORNA), 42 Pa.C.S. § 9799.10 et seq. See 42 Pa.C.S. § 9799.13(1) (SORNA applies to a person convicted of a "sexually violent offense" on or after the effective date of the section, which was December 20, 2012).

sentence, (3) there was insufficient evidence to support the SVP determination because the Commonwealth's SVP expert lacked a proper basis to form an opinion, (4) there was insufficient evidence to support the SVP determination because he did not meet certain enumerated criteria in 42 Pa.C.S. § 9799.24(b), and (5) the trial court erred in imposing a lifetime registration under SORNA on Counts 4, 5, and 6. For the reasons set forth below, we vacate the judgment of sentence as to Perez's SVP designation, as well as the lifetime registration requirement at Count 5, and the lifetime registration requirement at Count 6 is amended to the proper registration requirement of 15 years; we affirm the judgment of sentence in all other respects and we remand this case to the trial court for the sole purpose of issuing the appropriate notice under 42 Pa.C.S. § 9799.23 as to Perez's registration obligation at Count 6 for a period of 15 years.

The parties are well acquainted with the facts of this case, which are fully set out in the trial court's opinion and, therefore, we need not restate them here. See Trial Court Opinion, 1/17/2017, at 3–5. Briefly, Perez's convictions arose from his sexual abuse of his minor stepdaughter. The jury found Perez guilty, as discussed above, and the trial court sentenced Perez and found him to be an SVP. This consolidated appeal followed.[7]

_____

[7] Perez timely complied with the orders of the trial court to file Pa.R.A.P. 1925(b) concise statements.

Perez first argues that "[t]he trial court erred when it denied [his] motion for discovery seeking to have the Commonwealth provide copies of DVD records of the victim's interview by detectives/police officers with the Mesa Police Department." Perez's Brief at 18.

Perez argues because the Commonwealth merely provided transcripts of interviews of the victim and her siblings, trial counsel filed a motion to obtain a copy of the DVDs, but the trial court only ordered the DVDs be made available for viewing at the District Attorney's Office. Id. Perez argues that since he was incarcerated, it was impossible for trial counsel and Perez to sit together to watch the interviews. Id.

At issue in this appeal is only the DVD of the victim's interview. Perez claims "[s]uch discovery material was pivotal for impeachment purposes." Perez's Brief at 20. Perez maintains:

> Given that the DVDs were the original evidence, it would have help [sic] establish prior inconsistent statements, statements reflecting the victim's statement variations, other known conditions that could affect the victim's bias such as animosity toward [Perez] or other issues that could affect the victim's ability to perceive and recall events.

_____

On June 13, 2016, following the May 17, 2016, sentencing hearing, Perez filed a notice of appeal from the judgment of sentence, and filed his concise statement on August 11, 2016. The trial court issued its opinion on January 17, 2017.

On September 12, 2016, following the trial court's August 19, 2016, SVP determination, Perez filed a notice of appeal from the judgment of sentence, and filed his concise statement on March 31, 2017. The trial court issued its opinion on April 12, 2017.

Id.

The trial court has broad discretion in choosing a discovery remedy. Commonwealth v. Maldonodo, ___ A.3d ___, ___ [2017 Pa. Super. LEXIS 698] (Pa. Super. September 12, 2017) (en banc), petition for allowance of appeal pending at 470 EAL 2017 (Pa. 2017). Here, the trial court reasoned:

> [Perez] first alleges that this Court erred in denying the pretrial discovery motion request for DVD copies of the victim's interview with the police. [Perez] sought copies of interviews with the victim and her siblings which were conducted by police detectives. The Commonwealth indicated that their policy was to not turn over copies of these interviews. This Court permitted [Perez] and counsel to view the DVD in the Office of the District Attorney and to transcribe the statements on the DVD for use at trial.
>
> "The Commonwealth has no duty to provide evidence in a form that the defendant demands for the convenience of the defense." Commonwealth v. Robinson, 2015 PA Super 165, 122 A.3d 367, 373, reargument denied (Oct. 9, 2015), appeal denied sub nom. Commonwealth v. Green, 130 A.3d 1287 (Pa. 2015), and appeal denied, 130 A.3d 1289 (Pa. 2015). "Appellant requested tape recordings of conversations between decedent and William Livezey. Typewritten transcripts were provided. We find that to be sufficient. There was no abuse of discretion in any of the trial court's discovery rulings." Commonwealth v. Colson, 490 A.2d 811, 823 (Pa. 1985). Since this Court gave [Perez] the opportunity to review the DVD with counsel at the District Attorney's office and to have the statements transcribed for use at trial, circumstances substantially similar to Colson, this Court properly held that [Perez] suffered no prejudice by not also receiving a DVD of the interviews.

Trial Court Opinion, 1/17/2017, at 5–6.

Based on our review, we discern no abuse of discretion. The trial court correctly applied the holding in Robinson that "[t]he Commonwealth has no duty to provide evidence in a form that the defendant demands for the

convenience of the defense." 122 A.3d at 373. Perez does not reference any portion of the transcript to suggest there is favorable evidence or credibility revelations that would be more apparent in the DVD than in the written statement. Therefore, because Perez was provided with the victim's statements, the DVD was made available for viewing, and Perez does not point to anything in the transcript that would be more thoroughly disclosed in the DVD, we conclude his discovery claim is unavailing.

In his second issue, Perez argues the trial court abused its discretion by imposing a manifestly excessive and unreasonable sentence of an aggregate sentence of four to 12 years' incarceration followed by six years' probation.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." Commonwealth v. Hoch, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). In order to reach the merits of such a claim, this Court must determine:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

Commonwealth v. Dunphy, 20 A.3d 1215, 1220 (Pa. Super. 2011) (footnotes omitted).

Here, Perez failed to challenge the discretionary aspects of his sentence either during the sentencing hearing, or in a timely filed motion for

reconsideration of sentence. "Absent such efforts, an objection to a discretionary aspect of a sentence is waived." Commonwealth v. Cartrette, 83 A.3d 1030, 1042 (Pa. Super. 2013) (en banc). Accordingly, Perez is entitled to no relief on his sentencing claim.

In the third and fourth issues, Perez challenges the sufficiency of his SVP designation. In the fifth issue, Perez challenges the lifetime registration requirements imposed at Counts 4, 5 and 6 under SORNA. These issues are interrelated, and we discuss them together.

By way of background, on April 22, 2016, prior to sentencing, the Commonwealth received the Sexual Offenders Assessment Board (SOAB) report finding Perez to be an SVP, and praeciped for a hearing. However, at the time of the May 19, 2016, sentencing hearing, trial counsel indicated he had only become aware of the report a week before the hearing, that Perez was contesting the report, and that he intended to confer with his office about obtaining a defense expert. N.T., 5/19/2016, at 22. The trial court sentenced Perez and scheduled a post-sentence SVP hearing.

On the record at the sentencing hearing, the trial court stated that Perez was "a lifetime registrant." N.T., 5/17/2017, at 27. The sentencing order reflects lifetime registration requirements were imposed on Counts 1, 2, 5 and 6, which were specified as "Tier 3" offenses. See Sentencing Order, May 17, 2017. Thereafter, on August 19, 2016, the trial court conducted an SVP hearing and determined Perez to be an SVP.

Under SORNA, sexual offenses are classified in a three-tiered system composed of Tier I, Tier II, and Tier III sexual offenses. 42 Pa.C.S. § 9799.14. Generally, a person convicted of a Tier I sexual offense must register for a period of 15 years. 42 Pa.C.S. § 9799.15(a)(1). A person convicted of a Tier II sexual offense must register for 25 years, and a conviction of a Tier III sexual offense carries a mandatory lifetime registration requirement. 42 Pa.C.S. § 9799.15(a)(2) and (3).

In this case, pursuant to Section 9799.14, Counts 1 and 2 (indecent assault – 18 Pa.C.S. § 3126(a)(7)), are Tier III offenses. See 42 Pa.C.S. § 9799.14(d)(8). Count 3 (indecent assault – 18 Pa.C.S. § 3126(a)(8)) and Count 4 (unlawful contact with a minor – 18 Pa.C.S. § 6318) are Tier II offenses. See 42 Pa.C.S. § 9799.14(c)(1.3), (5). Count 5 (EWOC – 18 Pa.C.S. § 4304) is not an offense subject to registration. Count 6 (corruption of minors – 18 Pa.C.S. § 6301(a)(1)(ii)) is a Tier I offense. See 42 Pa.C.S. § 9799.14(b)(8).

While Perez presents a challenge to lifetime registration requirements imposed at Counts 4,[8] 5 and 6 at sentencing, Perez was subsequently classified as an SVP. As such, he is subject to lifetime registration requirements for Tier I, II, and III sexual offense convictions. See 42 Pa.C.S. § 9799.15(a)(6) ("A sexually violent predator shall register for the life of an

_____

[8] Contrary to Perez's claim, no registration requirement was imposed at Count 4.

individual."); 42 Pa.C.S. § 9799.15(d) ("An individual convicted of a Tier I sexual offense, a Tier II sexual offense or a Tier III sexual offense who is determined to be a sexually violent predator under section 9799.24 (relating to assessments) shall register for the life of the individual."). Therefore, Perez has lifetime registration requirements at Counts 1 and 2 (Tier III), 3 and 4 (Tier II), and 6 (Tier I).

However, while this case was pending on appeal, a panel of this Court decided Commonwealth v. Butler, ___ A.3d ___, ___ [2017 Pa. Super. LEXIS 873] (Pa. Super. 2017), which was issued on October 31, 2017. In Butler, the panel considered sua sponte the legality of sentencing issue presented by the SVP designation mechanism, which increased Butler's minimum registration requirement. The Butler majority found the SVP provisions at 42 Pa.C.S. § 9799.24(e)(3) ("Assessments") unconstitutional, based upon our Supreme Court's decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017) (concluding SORNA's registration provisions constitute punishment and, therefore, that retroactive application of SORNA's registration provisions violates the ex post facto clauses of the federal and Pennsylvania constitutions).

Butler reasoned that since SORNA requirements are now deemed to be punishment under Muniz, the present SVP statutory mechanism that allows a trial court to designate a convicted defendant as an SVP based upon clear and convincing evidence is constitutionally flawed. In this regard, Butler

found the United States Supreme Court decisions in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), require a factual finding that increases the length of registration (punishment) to be made by the fact-finder beyond reasonable doubt.

*Butler* concluded:

> In sum, we are constrained to hold that section 9799.24(e)(3) of SORNA violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt. Moreover, we are constrained to hold trial courts cannot designate convicted defendants SVPs (nor may they hold SVP hearings) until our General Assembly enacts a constitutional designation mechanism. Instead, trial courts must notify a defendant that he or she is required to register for 15 years if he or she is convicted of a Tier I sexual offense, 25 years if he or she is convicted of a Tier II sexual offense, or life if he or she is convicted of a Tier III sexual offense.

*Butler*, supra, ___ A.3d at ___ [2017 Pa. Super. LEXIS 873 at *13].

In light of the *Butler* holding, we conclude we must vacate the judgment of sentence with respect to the trial court's SVP determination. Accordingly, we need not address the third and fourth issues Perez raises on appeal, which challenge the sufficiency of the evidence to support his SVP designation.

This brings us to Perez's fifth issue in which we consider, without regard to Perez's classification as an SVP, whether Perez's lifetime registration requirements were properly imposed under SORNA.

Initially, we point out that Perez does not challenge the registration requirements imposed at Counts 1 and 2, which, as discussed above, are Tier III offenses that require lifetime registration.

- 10 -

With respect to Counts 5 and 6, the trial court concluded these offenses were Tier III offenses that required lifetime registration by relying Section 9799.14(d)(16), which provides:

> The following shall be classified as Tier III sexual offenses: ... Two or more convictions of offenses listed as Tier I or Tier II sexual offenses.

42 Pa.C.S. § 9799.14(d)(16).

The trial court reasoned that Count 3, indecent assault, and Count 4, unlawful contact with minor, are Tier II offenses, and Count 6, corruption of minors, is a Tier I offense, and concluded "any combination of Counts 3, 4 and/or 6 would trigger the cumulative provision under subsection(d)(16)." Trial Court Opinion, 1/17/2017, at 9.

Perez, however, maintains the trial court's conclusion is invalid in light of the Pennsylvania Supreme Court's recent decisions in Commonwealth v. Lutz-Morrison, 143 A.3d 891 (Pa. August 15, 2016), and A.S. v. Pennsylvania State Police, 143 A.3d 896 (Pa. August 15, 2016). In Lutz-Morrison, the Supreme Court clarified that Section 9799.14(d)(16) "requires an act, a conviction, and a subsequent act to trigger lifetime registration for multiple offenses otherwise subject to a fifteen- or twenty-five-year period of registration." Lutz-Morrison, supra, 143 A.3d at 895 (emphasis supplied). Accord A.S., supra, 143 A.3d at 908 (applying registration requirements of Megan's Law II). Perez's argument is compelling.

Here, the trial court imposed the lifetime registration requirement on Counts 5 and 6 based solely on the multiple Tier I and II offenses included in the same information. Notably, the Commonwealth concedes Lutz-Morrison and A.S. "held that 42 Pa.C.S. 9799.14(d)(16) embodied a recidivist philosophy, such that multiple offenses presented in the same information do not serve to trigger a lifetime registration" and, in this case, "it is therefore necessary that the registration requirement imposed on count 5 be vacated and the registration requirement imposed on count 6 be corrected to reflect a registration period of fifteen years, 42 Pa.C.S.A. § 9799.15(a)(1)[.]" Commonwealth's Brief at 32–33.[9]

We agree with Perez's argument and the Commonwealth's analysis. With respect to Count 5, we find that EWOC, 18 Pa.C.S. § 4304(a), is not an offense subject to registration under any of the provisions of 42 Pa.C.S. § 9799.14. With respect to Count 6, we find that corruption of minors, 18 Pa.C.S. § 6301(a)(1)(ii), is a Tier I offense that is subject to a 15-year registration requirement.

Therefore, based on the foregoing, we vacate the judgment of sentence as to the SVP designation, as well as the lifetime registration requirement at Count 5, and the lifetime registration requirement at Count 6 is amended to

_____

[9] The Commonwealth notes that Perez "will remain a lifetime registrant due to his convictions of Tier III offenses at counts 1 and 2, where that registration requirement was correctly imposed." Commonwealth's Brief at 33.

the proper registration requirement of 15 years. We remand this case to the trial court for the sole purpose of issuing the appropriate notice under 42 Pa.C.S. § 9799.23 as to Perez's registration obligation at Count 6 for a period of 15 years. See Butler, supra, ___ A.3d at ____ [2017 Pa. Super. LEXIS 873 at *13].

Judgment of sentence vacated as to SVP designation, as well as lifetime registration requirement at Count 5, and lifetime registration requirement at Count 6 is amended to the proper registration requirement of 15 years; judgment of sentence affirmed in all other respects. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2017