J-A11026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES CAGLE THOMPSON | : | |
| | : | |
| Appellant | : | No. 991 WDA 2020 |

Appeal from the Order Entered September 8, 2020
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000279-2015

BEFORE: McLAUGHLIN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KING, J.:                    **FILED: JUNE 28, 2021**

Appellant, Charles Cagle Thompson, appeals from the order entered in

the Jefferson County Court of Common Pleas, following a remand hearing to

decide Appellant's appropriate registration requirements under the Sexual

Offender Registration and Notification Act ("SORNA II").[1]  For the following

---

[1] Following ***Commonwealth v. Muniz***, 640 Pa. 699, 164 A.3d 1189 (2017)
(plurality), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018)
and ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa.Super. 2017) ("***Butler
I***"), *rev'd*, ___ Pa. ___, 226 A.3d 972 (2020) ("***Butler II***"), the Pennsylvania
General Assembly enacted legislation to amend SORNA I.  ***See*** Act of Feb. 21,
2018, P.L. 27, No. 10 ("Act 10").  Act 10 amended several provisions of SORNA
I, and also added several new sections found at 42 Pa.C.S.A. §§ 9799.42,
9799.51-9799.75.  In addition, the Governor of Pennsylvania signed new
legislation striking the Act 10 amendments and reenacting several SORNA I
provisions, effective June 12, 2018.  ***See*** Act of June 12, 2018, P.L. 1952, No.
29 ("Act 29").  Through Act 10, as amended in Act 29 (collectively, SORNA
II), the General Assembly split SORNA I's former Subchapter H into a Revised
*(Footnote Continued Next Page)*

reasons, we deny counsel's petition to withdraw and remand for the filing of an advocate's brief.

This Court has previously set forth the relevant facts of this case as follows:

> In 2001, Appellant pled guilty in Mesa County, Colorado to ten counts of sexual exploitation of a child, per C.R.S.A. § 18-6-403(3)(b.5). As a result, Appellant was required under Colorado law to register as a sex offender for a minimum of ten (10) years. After the ten years expired, Appellant became eligible to petition the Colorado court to remove him from the registry. In 2010, while the ten-year Colorado registration requirement was still in effect, Appellant moved to Pennsylvania. When the ten-year registration period expired, Appellant did not…petition the Colorado court for removal from the registry, so his registration requirements continued.
>
> On August 18, 2015, the Commonwealth charged Appellant for failing to update his information as required under SORNA. The Commonwealth alleged that between February 2, 2015, and February 25, 2015, Appellant failed to notify the Pennsylvania State Police ("PSP") within three business days of his change of address from Hamilton, Pennsylvania to Punxsutawney, Pennsylvania, in violation of 18 Pa.C.S.A. § 4915.1(a)(1). On August 3, 2016, Appellant entered a guilty plea to failure to comply with registration requirements, and the court sentenced Appellant to five (5) to ten (10) years' imprisonment, plus ten (10) years' probation. Appellant did not seek direct review.
>
> On July 31, 2017, Appellant timely filed a *pro se* PCRA petition, and the court subsequently appointed counsel.

---

Subchapter H and Subchapter I. Subchapter I addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. *See* 42 Pa.C.S.A. §§ 9799.51-9799.75. Subchapter I contains less stringent reporting requirements than Revised Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012. *See* 42 Pa.C.S.A. §§ 9799.10-9799.42.

Counsel filed an amended petition on October 6, 2017, claiming, *inter alia*, SORNA was unconstitutionally applied to Appellant, and the offense of Appellant's failure to comply with registration requirements was improperly graded as a Felony 1. The PCRA court held a hearing on January 30, 2018. On February 8, 2018, the court granted relief in part and denied relief in part. Specifically, the court granted Appellant relief on the grading challenge and ordered resentencing. The court, however, denied PCRA relief regarding the SORNA/**Muniz** claim, explaining that SORNA did not function as an unconstitutional *ex post facto* law in Appellant's case because SORNA had not created or enhanced his reporting requirements. Rather, the court stated Appellant's continuing obligation to report stemmed from his Colorado convictions and his failure to petition the Colorado court for release from his duty to register.

**Commonwealth v. Thompson**, No. 1342 WDA 2018, at 1-3 (Pa.Super. filed January 14, 2020) (unpublished memorandum) (internal footnote omitted).

On August 15, 2018, the court resentenced Appellant to 28 months' to 10 years' imprisonment. On that same day, Appellant filed a post-sentence motion, which the court denied. Appellant filed a notice of appeal on September 13, 2018. On appeal, Appellant argued that his Colorado convictions predated the effective date of SORNA I, such that SORNA I did not apply to him. Appellant contended the court retroactively applied SORNA I, in violation of the *ex post facto* clauses of the United States and Pennsylvania Constitutions. Thus, Appellant insisted the *ex post facto* application of SORNA I invalidated his conviction for failure to comply with registration requirements and rendered his sentence illegal under **Muniz**.

This Court agreed with Appellant's contentions and, on January 14, 2020, vacated and remanded for further proceedings. Specifically, this Court

- 3 -

explained that a retroactive application of SORNA I to pre-SORNA I sex offenders violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions. Appellant committed his offenses in Colorado before the effective date of SORNA I, when Megan's Law II was operative in Pennsylvania. Because Appellant's underlying sex offenses occurred prior to the effective date of SORNA I, SORNA I did not apply to his case and the unconstitutional *ex post facto* application of SORNA I to Appellant invalidated his guilty plea to "violating SORNA I." Thus, this Court reversed the conviction for failure to register and vacated the judgment of sentence for failing to comply with SORNA I. Nevertheless, because Appellant had failed to petition the Colorado court to discontinue his registration duties, Appellant was still required to register in Pennsylvania. Consequently, this Court remanded for the trial court to determine Appellant's appropriate registration requirements. **See Thompson, supra** at 5-7.

The trial court held a remand hearing to determine Appellant's registration requirements on August 21, 2020. On August 27, 2020, the court ordered Appellant to register for life under Revised Subchapter H of SORNA II. Appellant timely filed a motion for reconsideration, which the court granted on September 8, 2020, directing Appellant to register under Subchapter I[2] for

_____

[2] The trial court correctly decided that Appellant was subject to reporting requirements under Subchapter I because Appellant committed his Colorado
*(Footnote Continued Next Page)*

life. Appellant timely filed a notice of appeal on September 18, 2020. The court subsequently ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On September 25, 2020, counsel filed a Pa.R.A.P. 1925(c)(4) statement of counsel's intent to file an *Anders*[3] brief in this Court.

As a preliminary matter, counsel seeks to withdraw his representation pursuant to *Anders* and *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009). *Anders* and *Santiago* require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. *Santiago, supra* at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. *Commonwealth v. Palm*, 903 A.2d 1244,

---

offenses between April 22, 1996 and December 20, 2012. *See* 42 Pa.C.S.A. §§ 9799.51-9799.75.

[3] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

1246 (Pa.Super. 2006).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor [**Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> * * *
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel has filed a petition to withdraw. The petition states counsel has conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant

- 6 -

with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issues. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**. Accordingly, we proceed to an independent evaluation of the issues raised in the **Anders** brief. **See Palm, supra**.

Counsel raises the following issue on Appellant's behalf:

Did the trial court err in finding [Appellant] to be a lifetime registrant under the provisions of the Sex Offender Registration and Notification Act (SORNA)?

(**Anders** Brief at 2).

Appellant advances two arguments to support his proposition that the court erred by subjecting him to lifetime registration. Initially, Appellant argues that his Colorado conviction, which only required him to register as a sex-offender for ten years, expired in 2011.[4] Appellant emphasizes that at the time he was charged in Pennsylvania with failing to comply with registration requirements, his Colorado registration requirements had already expired. Thus, Appellant seems to suggest that he should not be required to

_____

[4] Appellant acknowledges that he failed to petition the Colorado court for removal from the registry.

- 7 -

register at all in Pennsylvania.[5]

Even if Appellant is required to register in Pennsylvania, Appellant emphasizes that he received a letter from the PSP which stated that he is subject to reporting requirements for 15 years, and not lifetime.[6] Appellant claims the court was bound by the PSP's determination of the length of his registration requirement. Appellant concludes that he is entirely exempt from his registration requirements, or that the length of registration should be reduced.

In evaluating Appellant's claims as frivolous, counsel explains that Appellant is required to register in Pennsylvania because he never petitioned for removal from the Colorado registry. Counsel states that Appellant's ten Colorado convictions for sexual exploitation of a child are similar to the Pennsylvania offenses of sexual abuse of children. Counsel reasons that because Appellant has two or more convictions of a similar crime to sexual abuse of children, and has not completed his Colorado registration requirements, he is a lifetime registrant under Subchapter I. For the following reasons, we cannot agree with counsel's assessment that Appellant's appeal

---

[5] We reject this argument outright. This Court has already decided that Appellant is required to register as a sex offender in Pennsylvania. **See Thompson, supra** at 7.

[6] Appellant relies on a letter from Lieutenant Todd L. Harman, dated November 21, 2016, advising Appellant that his registration classification was changed to Tier 1, which required him to register with the PSP for 15 years.

is frivolous.

Subchapter I of SORNA II provides, in relevant part, as follows:

**§ 9799.55. Registration**

**(a)     Ten-year registration**.--Except as provided under subsection (a.1) or (b), the following individuals shall be required to register with the Pennsylvania State Police for a period of 10 years:

(1)(i)(A) Individuals convicted within this Commonwealth of any of the following offenses committed on or after April 22, 1996, but before December 20, 2012:

18 Pa.C.S. § 2901 (relating to kidnapping) where the victim is a minor.

18 Pa.C.S. § 3126 (relating to indecent assault) where the offense is graded as a misdemeanor of the first degree or higher.

18 Pa.C.S. § 4302 (relating to incest) where the victim is 12 years of age or older but under 18 years of age.

18 Pa.C.S. § 5902(b) or (b.1) (relating to prostitution and related offenses) where the actor promotes the prostitution of a minor.

18 Pa.C.S. § 5903(a)(3), (4), (5) or (6) (relating to obscene and other sexual materials and performances) where the victim is a minor.

18 Pa.C.S. § 6312 (relating to sexual abuse of children).

18 Pa.C.S. § 6318 (relating to unlawful contact with minor).

18 Pa.C.S. § 6320 (relating to sexual exploitation of children).

(B)    Individuals convicted within this Commonwealth of an offense set forth in clause (A) who were required to register with the Pennsylvania State Police under a

former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired.

(ii) Individuals convicted within this Commonwealth of any of the following offenses committed on or after January 26, 2005, but before December 20, 2012:

18 Pa.C.S. § 2910 (relating to luring a child into a motor vehicle or structure).

18 Pa.C.S. § 3124.2 (relating to institutional sexual assault).

(2) Individuals convicted of an attempt, conspiracy or solicitation to commit any of the offenses under paragraph (1)(i) or (ii) or subsection (b)(2).

**(3) Individuals who currently have a residence in this Commonwealth who have been convicted of offenses similar to the crimes cited in paragraphs (1)(i) or (ii) and (2) under the laws of the United States** or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation or under a former law of this Commonwealth.

**(a.1) Exception to 10-year registration**.--Except as provided under subsection (b), an individual considered to be an offender under section 9799.56(b) (relating to registration procedures and applicability) shall be required to register with the Pennsylvania State Police for a period less than life, the duration of which is to be determined under sections 9799.54 (relating to applicability) and 9799.56(b).

**(b) Lifetime registration**.--The following individuals shall be subject to lifetime registration:

**(1) An individual with two or more convictions of any of the offenses set forth in subsection (a).**

\* \* \*

42 Pa.C.S.A. § 9799.55(a), (a.1), (b)(1) (emphasis added).

As the statute dictates, a ten-year registration period applies to individuals convicted of certain enumerated offenses committed on or after April 22, 1996, but before December 20, 2012. ***See*** 42 Pa.C.S.A. § 9799.55(A)(1)(i)(A). Additionally, a ten-year registration period applies to individuals who reside in Pennsylvania and have been convicted of offenses similar to the crimes cited in paragraphs (1)(i) or (ii). ***See*** 42 Pa.C.S.A. § 9799.55(a)(3). Nevertheless, an individual with two or more convictions of any of the offenses set forth in subsection (a), is subject to lifetime registration. ***See*** 42 Pa.C.S.A. § 9799.55(b).

In ***Commonwealth v. Lutz–Morrison***, 636 Pa. 395, 143 A.3d 891 (2016), our Supreme Court addressed language in SORNA I that subjected sex offenders to lifetime registration where they had "two or more convictions" for certain enumerated offenses. The Supreme Court held that SORNA I encompassed a recidivist philosophy. "As such, the statute requires an act, a conviction, and a subsequent act to trigger lifetime registration for multiple offenses otherwise subject to a" lesser period of registration. ***Id.*** at 402, 143 A.3d at 895. ***See also Commonwealth v. Keech***, 226 A.3d 614 (Pa.Super. filed January 6, 2020) (unpublished memorandum)[7] (applying ***Lutz-Morrison***

---

[7] An unpublished non-precedential memorandum decision of the Superior Court filed after May 1, 2019, may be cited for its persuasive value. ***See*** Pa.R.A.P. 126(b)(1) and (2).

and holding that appellant's guilty pleas to corruption of minors and indecent assault did not constitute "two or more convictions" of certain enumerated offenses where convictions arose from criminal conduct alleged in single criminal information, resulting in single criminal case).

Instantly, notwithstanding counsel's assertions that Appellant's guilty plea to ten counts of sexual exploitation in Colorado constituted "two or more convictions" of a similar crime to sexual abuse of children in Pennsylvania, counsel has not discussed the applicability, if any, of *Lutz-Morrison* to the facts of this case. Although our Supreme Court analyzed *Lutz-Morrison* under SORNA I, a potentially meritorious claim exists regarding whether the same "recidivist philosophy" espoused in that case applies under SORNA II. Accordingly, we deny counsel's petition to withdraw and remand for the filing of an advocate's brief. *See Wrecks, supra* at 721 (stating: "if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief"). *See also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa.Super. 2018) (*en banc*) (stating: "We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them").[8] We grant appellate counsel 30 days from the

---

[8] We recognize that this Court can *sua sponte* raise and analyze meritorious issues disregarded in the *Anders* brief where the meritorious claim implicates the legality of the sentence. *See, e.g., Commonwealth v. Hankerson*, 118 A.3d 415 (Pa.Super. 2015) (agreeing with counsel's assessment of issues raised in *Anders* brief but *sua sponte* vacating sentence that included
*(Footnote Continued Next Page)*

- 12 -

date of this decision to file an advocate's brief, and the Commonwealth 30 days thereafter to file a responsive brief. ***See Commonwealth v. Tejada***, 176 A.3d 355 (Pa.Super. 2017) (providing similar remand instructions).

Case remanded for the filing of an advocate's brief. Counsel's petition to withdraw is denied. Panel jurisdiction is retained.

---

unconstitutional mandatory minimum). In this case, however, Appellant's registration requirements under Subchapter I do not implicate the legality of the sentence. ***See Commonwealth v. Lacombe***, ____ Pa. ____, 234 A.3d 602 (2020) (holding Subchapter I of SORNA II is nonpunitive and does not violate constitutional prohibition against *ex post facto* laws).