J-A11026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES CAGLE THOMPSON | : | |
| | : | |
| Appellant | : | No. 991 WDA 2020 |

Appeal from the Order Entered September 8, 2020
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000279-2015

BEFORE:  McLAUGHLIN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KING, J.:                 **FILED:  October 1, 2021**

Appellant, Charles Cagle Thompson, appeals from the order entered in the Jefferson County Court of Common Pleas, following a remand hearing to decide Appellant's appropriate registration requirements under the Sexual Offender Registration and Notification Act ("SORNA II").[1]  For the following

---

[1] Following **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017) (plurality), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018) and **Commonwealth v. Butler**, 173 A.3d 1212 (Pa.Super. 2017) ("**Butler I**"), *rev'd*, ___ Pa. ___, 226 A.3d 972 (2020) ("**Butler II**"), the Pennsylvania General Assembly enacted legislation to amend SORNA I.  **See** Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10").  Act 10 amended several provisions of SORNA I, and also added several new sections found at 42 Pa.C.S.A. §§ 9799.42, 9799.51-9799.75.  In addition, the Governor of Pennsylvania signed new legislation striking the Act 10 amendments and reenacting several SORNA I provisions, effective June 12, 2018.  **See** Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29").  Through Act 10, as amended in Act 29 (collectively, SORNA II), the General Assembly split SORNA I's former Subchapter H into a Revised

reasons, we vacate the order requiring Appellant to register for life and remand for imposition of a ten-year period of registration under Subchapter I of SORNA II.

This Court has previously set forth the relevant facts of this case as follows:

> In 2001, Appellant pled guilty in Mesa County, Colorado to ten counts of sexual exploitation of a child, per C.R.S.A. § 18-6-403(3)(b.5). As a result, Appellant was required under Colorado law to register as a sex offender for a minimum of ten (10) years. After the ten years expired, Appellant became eligible to petition the Colorado court to remove him from the registry. In 2010, while the ten-year Colorado registration requirement was still in effect, Appellant moved to Pennsylvania. When the ten-year registration period expired, Appellant did not…petition the Colorado court for removal from the registry, so his registration requirements continued.
>
> On August 18, 2015, the Commonwealth charged Appellant for failing to update his information as required under SORNA. The Commonwealth alleged that between February 2, 2015, and February 25, 2015, Appellant failed to notify the Pennsylvania State Police ("PSP") within three business days of his change of address from Hamilton, Pennsylvania to Punxsutawney, Pennsylvania, in violation of 18 Pa.C.S.A. § 4915.1(a)(1). On August 3, 2016, Appellant entered a guilty plea to failure to comply with registration requirements, and the court sentenced Appellant to five (5) to ten (10) years' imprisonment, plus ten (10) years' probation. Appellant did not seek direct review.

_____

Subchapter H and Subchapter I. Subchapter I addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. *See* 42 Pa.C.S.A. §§ 9799.51-9799.75. Subchapter I contains less stringent reporting requirements than Revised Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012. *See* 42 Pa.C.S.A. §§ 9799.10-9799.42.

On July 31, 2017, Appellant timely filed a *pro se* PCRA petition, and the court subsequently appointed counsel. Counsel filed an amended petition on October 6, 2017, claiming, *inter alia*, SORNA was unconstitutionally applied to Appellant, and the offense of Appellant's failure to comply with registration requirements was improperly graded as a Felony 1. The PCRA court held a hearing on January 30, 2018. On February 8, 2018, the court granted relief in part and denied relief in part. Specifically, the court granted Appellant relief on the grading challenge and ordered resentencing. The court, however, denied PCRA relief regarding the SORNA/*Muniz* claim, explaining that SORNA did not function as an unconstitutional *ex post facto* law in Appellant's case because SORNA had not created or enhanced his reporting requirements. Rather, the court stated Appellant's continuing obligation to report stemmed from his Colorado convictions and his failure to petition the Colorado court for release from his duty to register.

*Commonwealth v. Thompson*, No. 1342 WDA 2018, at 1-3 (Pa.Super. filed January 14, 2020) (unpublished memorandum) (internal footnote omitted).

On August 15, 2018, the court resentenced Appellant to 28 months' imprisonment to 10 years' imprisonment. On that same day, Appellant filed a post-sentence motion, which the court denied. Appellant filed a notice of appeal on September 13, 2018. On appeal, Appellant argued that his Colorado convictions predated the effective date of SORNA I, such that SORNA I did not apply to him. Appellant contended the court retroactively applied SORNA I, in violation of the *ex post facto* clauses of the United States and Pennsylvania Constitutions. Thus, Appellant insisted the *ex post facto* application of SORNA I invalidated his conviction for failure to comply with registration requirements and rendered his sentence illegal under *Muniz*.

This Court agreed with Appellant's contentions and, on January 14,

- 3 -

2020, vacated and remanded for further proceedings. Specifically, this Court explained that a retroactive application of SORNA I to pre-SORNA I sex offenders violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions. Appellant committed his offenses in Colorado before the effective date of SORNA I, when Megan's Law II was operative in Pennsylvania. Because Appellant's underlying sex offenses occurred prior to the effective date of SORNA I, SORNA I did not apply to his case and the unconstitutional *ex post facto* application of SORNA I to Appellant invalidated his guilty plea to "violating SORNA I." Thus, this Court reversed the conviction for failure to register and vacated the judgment of sentence for failing to comply with SORNA I. Nevertheless, because Appellant had failed to petition the Colorado court to discontinue his registration duties, Appellant was still required to register in Pennsylvania. Consequently, this Court remanded for the trial court to determine Appellant's appropriate registration requirements. *See Thompson, supra* at 5-7.

The trial court held a remand hearing to determine Appellant's registration requirements on August 21, 2020. On August 27, 2020, the court ordered Appellant to register for life under Revised Subchapter H of SORNA II. Appellant timely filed a motion for reconsideration, which the court granted on September 8, 2020, directing Appellant to register under Subchapter I for

life.[2] Appellant timely filed a notice of appeal on September 18, 2020. The court subsequently ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On September 25, 2020, counsel filed a Pa.R.A.P. 1925(c)(4) statement of intent to file an **Anders**[3] brief in this Court. Counsel subsequently filed a petition to withdraw in this Court, along with an **Anders** brief on appeal.

In reviewing the **Anders** brief, this Court identified a potentially meritorious claim for review. Consequently, we denied counsel's petition to withdraw, remanded the case for the filing of an advocate's brief, and retained panel jurisdiction. **See Commonwealth v. Thompson**, No. 991 WDA 2020 (Pa.Super. filed June 28, 2021) (unpublished memorandum). Counsel has now filed an advocate's brief raising the following issue on Appellant's behalf:

> Did the trial court err in finding [Appellant] to be a lifetime registrant under the provisions of the Sex Offender Registration and Notification Act (SORNA II) Subchapter I?

(Appellant's Brief at 2).

Appellant argues that the court erred in requiring him to register for life under Subchapter I of SORNA II. Appellant acknowledges that he is required to register in Pennsylvania because he did not file a petition for removal from

---

[2] The trial court correctly decided that Appellant was subject to reporting requirements under Subchapter I because Appellant committed his Colorado offenses between April 22, 1996 and December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.51-9799.75.

[3] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

the Colorado registry. Nevertheless, Appellant avers that the court incorrectly decided that Appellant's guilty plea to ten counts of sexual exploitation in Colorado constituted "two or more convictions" of a similar crime to sexual abuse of children in Pennsylvania, requiring lifetime registration. Appellant insists that he is only required to register for a 10-year period.

In support of his position, Appellant relies on *Commonwealth v. Lutz–Morrison*, 636 Pa. 395, 143 A.3d 891 (2016), for the proposition that Subchapter I of SORNA II, like SORNA I, encompasses a recidivist philosophy. According to Appellant, Subchapter I of SORNA II requires an act, a conviction, and a subsequent act to trigger the "two or more convictions" provision subjecting an offender to lifetime registration. Although Appellant pled guilty to ten counts of sexual exploitation in Colorado, he emphasizes that there was no subsequent act after his Colorado convictions to trigger the lifetime registration. Appellant concludes this Court should vacate the order requiring him to register for life and remand for imposition of a ten-year registration under Subchapter I of SORNA II.[4] We agree.

Subchapter I of SORNA II provides, in relevant part, as follows:

> **§ 9799.55. Registration**
>
> **(a)    Ten-year registration**.--Except as provided under subsection (a.1) or (b), the following individuals shall be required to register with the Pennsylvania State Police

---

[4] Significantly, the Commonwealth filed a letter on August 19, 2021, indicating that it agrees with Appellant's position, and it will not be filing a brief in opposition.

for a period of 10 years:

(1)(i)(A) Individuals convicted within this Commonwealth of any of the following offenses committed on or after April 22, 1996, but before December 20, 2012:

18 Pa.C.S. § 2901 (relating to kidnapping) where the victim is a minor.

18 Pa.C.S. § 3126 (relating to indecent assault) where the offense is graded as a misdemeanor of the first degree or higher.

18 Pa.C.S. § 4302 (relating to incest) where the victim is 12 years of age or older but under 18 years of age.

18 Pa.C.S. § 5902(b) or (b.1) (relating to prostitution and related offenses) where the actor promotes the prostitution of a minor.

18 Pa.C.S. § 5903(a)(3), (4), (5) or (6) (relating to obscene and other sexual materials and performances) where the victim is a minor.

18 Pa.C.S. § 6312 (relating to sexual abuse of children).

18 Pa.C.S. § 6318 (relating to unlawful contact with minor).

18 Pa.C.S. § 6320 (relating to sexual exploitation of children).

(B)    Individuals convicted within this Commonwealth of an offense set forth in clause (A) who were required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired.

(ii)    Individuals convicted within this Commonwealth of any of the following offenses committed on or after January 26, 2005, but before December 20, 2012:

18 Pa.C.S. § 2910 (relating to luring a child into a motor vehicle or structure).

18 Pa.C.S. § 3124.2 (relating to institutional sexual assault).

(2)     Individuals convicted of an attempt, conspiracy or solicitation to commit any of the offenses under paragraph (1)(i) or (ii) or subsection (b)(2).

**(3)     Individuals who currently have a residence in this Commonwealth who have been convicted of offenses similar to the crimes cited in paragraphs (1)(i) or (ii) and (2) under the laws of the United States** or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation or under a former law of this Commonwealth.

**(a.1)     Exception to 10-year registration**.--Except as provided under subsection (b), an individual considered to be an offender under section 9799.56(b) (relating to registration procedures and applicability) shall be required to register with the Pennsylvania State Police for a period less than life, the duration of which is to be determined under sections 9799.54 (relating to applicability) and 9799.56(b).

**(b)     Lifetime registration**.--The following individuals shall be subject to lifetime registration:

**(1)   An individual with two or more convictions of any of the offenses set forth in subsection (a).**

\*     \*     \*

42 Pa.C.S.A. § 9799.55(a), (a.1), (b)(1) (emphasis added).

As the statute dictates, a ten-year registration period applies to individuals convicted of certain enumerated offenses committed on or after April 22, 1996, but before December 20, 2012.   ***See*** 42 Pa.C.S.A. §

9799.55(A)(1)(i)(A). Additionally, a ten-year registration period applies to individuals who currently reside in Pennsylvania and have been convicted in another state of offenses similar to the crimes cited in paragraphs (1)(i) or (ii). *See* 42 Pa.C.S.A. § 9799.55(a)(3). Nevertheless, an individual with two or more convictions of any of the offenses set forth in subsection (a), is subject to lifetime registration. *See* 42 Pa.C.S.A. § 9799.55(b).

In *Lutz–Morrison, supra*, our Supreme Court addressed language in SORNA I that subjected sex offenders to lifetime registration where they had "two or more convictions" for certain enumerated offenses. The Supreme Court held that SORNA I encompassed a recidivist philosophy. "As such, the statute requires an act, a conviction, and a subsequent act to trigger lifetime registration for multiple offenses otherwise subject to a" lesser period of registration. *Id.* at 402, 143 A.3d at 895. *See also Commonwealth v. Keech*, 226 A.3d 614 (Pa.Super. filed January 6, 2020) (unpublished memorandum)[5] (applying *Lutz-Morrison* and holding that appellant's guilty pleas to corruption of minors and indecent assault did not constitute "two or more convictions" of certain enumerated offenses where convictions arose from criminal conduct alleged in single criminal information, resulting in single criminal case).

---

[5] An unpublished non-precedential memorandum decision of the Superior Court filed after May 1, 2019, may be cited for its persuasive value. *See* Pa.R.A.P. 126(b)(1) and (2).

Instantly, although our Supreme Court analyzed ***Lutz-Morrison*** under SORNA I, the same "two or more convictions" language discussed under SORNA I in ***Lutz-Morrison*** appears in Subchapter I of SORNA II. ***See*** 42 Pa.C.S.A. § 9799.55(b)(1). Thus, we see no reason not to extend the same recidivist philosophy espoused in ***Lutz-Morrison*** to the facts of Appellant's case. Because Appellant's 2001 Colorado convictions for multiple sex offenses were part of the same criminal prosecution, they do not count as "two or more convictions" for purposes of triggering lifetime registration under Subchapter I of SORNA II. ***See Commonwealth v. Clark***, No. 1391 EDA 2020 (Pa.Super. filed Aug. 10, 2021) (unpublished memorandum) (noting that Subchapter I of SORNA II continues to use same "two or more convictions" language discussed in ***Lutz-Morrison*** under SORNA I; concluding ten-year registration term was appropriate under similar facts). Accordingly, we vacate the order requiring Appellant to register for life, and remand for imposition of a ten-year registration term under Subchapter I of SORNA II.

Order vacated; case remanded for proceedings consistent with this decision. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  <u>10/1/2021</u>