J-S13008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CODY MCCLELLAND | : | |
| | : | |
| Appellant | : | No. 881 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 20, 2023
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0001020-2022

BEFORE:   KUNSELMAN, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: May 13, 2024**

Appellant, Cody McClelland, appeals from the judgment of sentence entered in the Court of Common Pleas of Crawford County following his guilty plea to one count of Rape of a Child, 18 Pa.C.S. § 3121(c).  Appellant's counsel, Emily M. Merski ("Counsel"), who represented Appellant below, seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

On March 9, 2023, 22-year-old Appellant entered his counseled negotiated plea based on allegations he had engaged in sexual intercourse with a 12-year-old female relative on June 27, 2021.  Pursuant to the plea

_____

[*] Former Justice specially assigned to the Superior Court.

agreement, the Commonwealth agreed to waive the ten-year mandatory minimum sentence and instead request a minimum standard range sentence of seventy-two months. On July 20, 2023, the trial court imposed a sentence of 72 to 144 months' incarceration, consistent with the negotiated plea agreement. Furthermore, because Appellant was convicted of a Tier III offense under the Sexual Offender Registration and Notification Act[1] ("SORNA"), the trial court ordered that he must register as a sex offender for life once he completes his sentence of incarceration. This timely appeal followed.

Counsel seeks to withdraw from this appeal on the basis of frivolity pursuant to **Anders** and **Santiago**. Before reviewing the underlying merits of the appeal, we must determine whether Counsel has complied with the requirements of **Anders** in her attempt to withdraw. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

**Anders** requires direct appeal counsel to file a petition demonstrating their review of the record and their determination that an appeal is frivolous, to file a brief setting forth issues that arguably could support an appeal, and to provide a copy of said petition and brief to their client with an advisement of the client's right to retain new appellate counsel, proceed *pro se* on appeal, or raise additional issues. **See Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa. Super. 2015). An **Anders** brief must contain a factual and

---

[1] 42 Pa.C.S. §§ 9799.10 - 9799.41.

procedural summary of the case with citations to the record, references to points in the record that arguably support the appeal, counsel's conclusion that the appeal is frivolous, and counsel's reasons for reaching that conclusion including relevant authority. *See id*.

Counsel has complied with the procedural and technical requirements of *Anders* and *Santiago*. Specifically, she indicates in her petition that she examined the record and determined Appellant's claim that the sentencing court abused its discretion in categorizing him as a Tier III sexual offender subject to lifetime registration under SORNA Subchapter H is frivolous. Finally, she provided a letter to Appellant, informing him of both her intention to withdraw as counsel and his rights to retain new counsel, proceed *pro se*, and file additional claims. Because Counsel has satisfied the technical requirements for withdrawing from representation, we will independently review the record to determine whether Appellant's appeal is, in fact, wholly frivolous. *See Flowers*, 113 A.3d at 1248.

In Counsel's *Anders* Brief, she identifies a single argument that Appellant wishes to present to this Court, namely, that his categorization as a Tier III offender subject to lifetime registration resulted from the sentencing court's abuse of discretion in failing to consider the mitigating factor that he was, himself, sexually abused by a family member when he was a juvenile, has a prior record score of zero, and is "of very low risk to re-offend", factors

that, he says, warranted a Tier II classification with a twenty-five year registration period.[2]

From that position, he then relies on the Pennsylvania Supreme Court's decision in **Commonwealth v. Lutz-Morrison**, 143 A.3d 891 (Pa. 2016), which addressed the proper construction of the lifetime-registration triggering language "two or more convictions" in Megan's Law II, as it pertained to registration requirements for offenders convicted of two or more Tier I or Tier II offenses. We observe, however, that **Lutz-Morrison** is inapposite to the present case because Appellant pleaded guilty to a single count of rape, which is categorized as a Tier III offense under SORNA's Section 9799.14. Pursuant to Section 9799.15, a Tier III offender must register for life. Therefore, lifetime registration was not discretionary with the trial court; it was statutorily mandated under SORNA.

The **Anders** Brief also contains counsel's "**Santiago** Argument" raising the issue of whether Appellant tendered a knowing and voluntary guilty plea in which he understood, *inter alia*, the registration consequences of his plea. **Anders** Brief at 6-7. Counsel refers to several passages of the guilty plea hearing where the trial court specifically indicated Appellant would be subject to registration under SORNA as a Tier III offender, and Appellant confirmed

---

[2] To the extent Appellant ostensibly raises a discretionary sentencing issue, we note he did not provide a Pa.R.A.P. 2119(f) statement. This Court has held, however, that where counsel has filed an **Anders** brief, we have reviewed a discretionary aspects of sentencing claim, even absent a separate Rule 2119(f) statement. **See Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015).

that he and counsel discussed this fact prior to the guilty plea hearing. N.T., 3/9/23, at 2, 6-8. At the outset of Appellant's sentencing hearing, moreover, counsel again acknowledged Appellant's "lifetime obligation to register." N.T., 7/20/23, at 4. Our review of the record substantiates counsel's conclusion that Appellant was not ignorant of his registration requirements at the time he entered his guilty plea.

Based on the forgoing and on our independent "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated", **see Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*); **Flowers**, **supra**, we grant Counsel's application to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw from representation granted. Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/13/2024